UNITED STATES of America,
Appellee,

v.

Carol L. SCOGIN, Appellant.

No. 71–1687.

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1972.

Decided May 2, 1972.

---

J. Whitfield Moody, First Asst. U. S. Atty., Bert C. Hurn, U. S. Atty., Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and BRIGHT and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellant, Carol Scogin, appeals from her conviction after trial by jury of the charge of transporting a stolen firearm in interstate commerce in violation of Title 18, U.S.C. Sections 2, 922(i) and 924(a). She was sentenced by the Honorable Elmo B. Hunter to custody for a period of three years under Section 4208(a) (2), Title 18, U.S.C. She contends the trial court erred (1) in refusing to suppress her statements and in admitting her "confession" because the same were not voluntary and (2) in failing to grant a mistrial, upon her motion, after the Government violated its pretrial stipulation by introducing evidence with regard to her proximity to a gun at the time of her arrest. We affirm.

The offense charged occurred January 5, 1971 and arose out of an incident that took place in Kansas City, Kansas when one of appellant's two male companions held police officers at gun point, relieved them of their weapons, and escaped to a point in Missouri. Appellant in her oral statements and signed confession admitted that she was given custody of the revolver taken from a police officer which was the subject of the offense here charged. The record discloses that her admissions were essential to her conviction.

Prior to trial appellant moved to suppress her statements upon the grounds the same were not voluntary and were taken in violation of *Miranda*.[1] The trial court, after a pretrial evidentiary hearing, found that appellant's state-

James W. Benjamin, Kansas City, Mo., for appellant.

1. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1965). Additional motions were made: to suppress line-up identification, which is not attacked on this appeal; to

suppress the gun seized, which was abandoned by stipulation, later to be discussed herein in connection with the motion for mistrial.

ments were voluntary [2] and given after she had received a full and complete oral *Miranda* Warning and had read and signed a printed *Miranda* Warning which was received in evidence at the hearing. The Court re-affirmed this finding during the trial, and upon request of appellant also submitted the issue of voluntariness to the jury under appropriate instructions.

The record amply supports the trial court's findings of voluntariness and full compliance with *Miranda*. In brief, Agent Nichols of the Alcohol, Tobacco and Firearms Division, U. S. Treasury Department, after telephonic arrangement for an appointment, called upon appellant at her home over two months after the alleged offense occurred; [3] he advised her he was investigating a violation of the Gun Control Act and that she could become a suspect in the violation and then gave her the full *Miranda* warnings and asked her if she understood her rights to which she responded she did; she attempted to call an attorney, but not being successful she went ahead and answered the questions which incriminated her; thereafter at his request she accompanied the agent to his office where she was again warned of her rights and she signed a formal printed waiver of rights form; a written statement was prepared which she signed and then went home; some four days later the agent called at her home when again, after warning of her rights, she signed another statement which was identical to the former one except that typographical errors had been corrected; she was indicted on May 5, 1971, and the last written statement was formally admitted in her trial.

■ Appellant urges that her confession was not voluntary because although not formally under arrest or restraint, she was subjected to all the psychological pressure of an "in-custody" interrogation. Lynum v. State of Illinois, 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed. 2d 922 (1963); Orozco v. Texas, 394 U. S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969). We do not agree. The record fully supports the trial court's finding that the interrogation "was not only not an in custodial interrogation, but one which she voluntarily submitted after full warning of her rights." She was interrogated in her home where her father was present after complete warning as to her rights. She chose to submit to interrogation after attempting to call her attorney. Her subsequent signing of two confessions after full warning as to her rights confirm her attitude of voluntary cooperation. Although the record supports a finding of non-custodial interrogation,[4] we note, as did the trial court, that appellant was fully warned of her rights. The mere fact that she was unsuccessful in reaching an attorney does not prohibit interrogation where it is clear that she knowingly, intelligently, and voluntarily elected to proceed without one. United States v. Montos, 421 F.2d 215, 224 (CA5 1970), cert. denied, 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532 (1970); Klingler v. United States, 409 F.2d 299, 308 (CA8 1969), cert. denied, 396 U.S. 859, 90 S.Ct. 127, 24 L.Ed.2d 110 (1969). We are abundantly satisfied that the prosecution sustained its heavy burden of demonstrating that the defendant was effectively advised of her rights, and that she knowingly and understandingly declined to exercise them. Hughes v. Swenson, 452 F.2d 866 (CA8 1971).

■ Finally, appellant urges that the trial court erred in refusing to grant a mistrial. Prior to trial, during the hearing on the motion to suppress the

---

2. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); Evans v. United States, 375 F.2d 355, 357 (CA 8 (1967).

3. Appellant had been in custody in Kansas until about February 1, 1971 on charges which were dropped at that time.

4. Ping v. United States, 407 F.2d 157 (CA 8 1969); Cohen v. United States, 405 F.2d 34 (CA8 1968); White v. United States, 395 F.2d 170 (CA8 1968), cert. denied, Kubik v. United States, 393 U.S. 844, 89 S.Ct. 127, 21 L.Ed.2d 115 (1968).

gun, the parties stipulated that the gun was located at a residence in which appellant was arrested, with the understanding that the Government would not go into the specific whereabouts of the weapon at the time of the arrest. Appellant moved for mistrial when the Government, during trial, inquired of appellant as to whether a pistol was found near her at the time of arrest, to which she replied, "yes—in a closet." Government counsel contended that the understanding was not violated because appellant had opened the door during direct examination in which she testified she was not armed during the period in question. The trial court denied the motion for mistrial and restricted the Government from making any further inquiry into the subject. No request for an instruction was made by appellant and the matter was not pursued further. In light of the record we fail to find any prejudice. In any event there is no showing of abuse of discretion in denying the motion for mistrial. Frohmann v. United States, 380 F.2d 832 (CA8 1967).

Affirmed.