UNITED STATES of America,
Appellee,

v.

Bobby Eugene HARDEN, Appellant.

No. 72-1741.

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 1973.

Decided July 5, 1973.

Stephen E. Safly, Little Rock, Ark., for appellant.

Kenneth F. Stoll, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before MATTHES, Chief Judge, and MEHAFFY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

Defendant's appeal from a jury conviction upon the charges of bank robbery (18 U.S.C. § 2113(d)) and the Dyer Act (18 U.S.C. § 2312) [1] raises the question of whether statements made by appellant shortly after arrest were im-

---

1. Sentences of 6 years and 3 years to run concurrently were imposed on the respective convictions.

properly admitted into evidence because (1) the government failed to establish that appellant knowingly and intelligently waived his right to counsel, the Court having applied the wrong test in determining that issue, and (2) appellant's statements were involuntary since they were made under the influence of drugs and under duress.

Appellant's counsel made a motion to suppress in advance of trial and an appropriate hearing was held in advance of taking testimony. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). The motion was denied. The issue of voluntariness was also submitted to the jury.

Appellant was arrested on the afternoon of February 4, 1972, in possession of a stolen automobile. He with two other occupants was taken to the police station where he was interviewed by detective James H. Dotson, Vincennes, Indiana Police Department and FBI Agent Roger Waite. Prior to the interview the FBI Agent read the *Miranda* warning to appellant and appellant signed a standard waiver of rights form. The trial court dictated findings as follows:

"I think the Court will make some factual findings first.

"Now, the Court finds that the police officers—Agent Waite and Sergeant Dotson—properly and fully warned the defendant of his constitutional rights before interrogating him and before discussing any matter with him affecting this case, or these cases.

"The Court further finds that at no time did the defendant request an attorney, although he had been advised that he could if he wanted to; so the Court does not consider that point well taken."

■■ Appellant contends the trial court applied the wrong test. We do not agree. The proper test is whether the defendant knowingly and intelligently waived his right to counsel. A heavy burden rests on the government to demonstrate the waiver. Miranda v. Arizo-

na, 384 U.S. 436, 475, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The issue is whether the defendant was effectively warned of his rights to counsel and that he knowingly and intelligently declined to exercise them. United States v. Scogin, 459 F.2d 182 (CA8 1972); Hughes v. Swenson, 452 F.2d 866 (CA8 1971). The mere fact that the trial court did not formally enunciate the test in full does not change the correctness of his ruling. We are satisfied from a complete review of this record that defendant waived his right to counsel under the standards prescribed. He was fully advised of his right to counsel and knowingly signed a written declination to exercise them. To what extent appellant's use of drugs may have affected his waiver of counsel will be considered in our review of the trial court's finding as to the voluntariness of appellant's statements which we next consider.

■■ The issue of whether a confession is voluntary and thus admissible is governed by standards summarized in Townsend v. Sain, 372 U.S. 293, 307, 83 S.Ct. 745, 755, 9 L.Ed.2d 770 (1963). "If an individual's 'will was overborne' or if his confession was not 'the product of a rational intellect and a free will' his confession is inadmissible because coerced." (footnotes omitted). The question of voluntariness necessarily turns on the totality of circumstances. Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969).

After conducting the suppression hearing the trial court made detailed findings with respect to the issue of voluntariness. In summary the Court found as follows:

"Now, for the record I am going to find that the defendant, despite the thin evidence, was an addict and was under the influence of drugs at the time of his arrest, that he needed drugs, and that he did suffer from some withdrawal symptoms during the course of his interrogation; that he was given medication that tended to relieve this and tended to produce a

sense of euphoria, and then the interrogation was completed.

Nevertheless, in spite of all those findings, the Court concludes and finds that the statements made were voluntary, and that as far as the preliminary hearing is concerned, the Court is making the determination now that they will be admissible at the trial.

\*   \*   \*   \*   \*   \*

Now, I frankly think my decision is an extremely close one. And I do recognize that the Government has the burden of proving the voluntariness of this confession beyond a reasonable doubt; the defendant doesn't have to do anything.

But I have to make some reasonable interpretation of voluntariness and some reasonable interpretation of rational intellect and free will; and I think the interpretation that I am making is the only practical, only sensible, only real one, because I think, except for a very sophistic type argument, it was a voluntary confession. I think he thought it was; I don't think he felt under any compulsion, either from his drug habit or anything that the officers did.

So it will be received, and that is the ruling of the Court."

A review of the evidence indicates that appellant at the commencement and during his interrogation advised his interviewers that he was an addict and "needed a fix." The evidence shows he was not promised medication to induce his statements; he was oriented with good memory and good recall; that as he showed signs of discomfort the officers took him to a hospital where he was administered "a half dosage" of Demerol; this was equivalent in effect to 2–4 ounces of alcohol according to the prescribing physician—and the principal effect of the Demerol, is to sedate, to remove the need for the basic drug; thereafter appellant was more comfortable and reaffirmed the details of his prior confession concerning various crimes; the physician felt that the fact that appellant could recall and recount with specificity the details of past events suggested that he was not too much influenced by the prior drug or the Demerol which was administered.

We recognize, as did the trial court, that the issue of voluntariness under all the circumstances is a troublesome one. Based on our careful independent review of the record, we are satisfied that the trial court's ruling was correct.

■ This is not a case where a defendant suffering from withdrawal symptoms is induced to confess by promises of relief. *Compare,* United States Ex Rel. Collins v. Maroney, D.C., 287 F.Supp. 420. In the instant case when appellant showed signs of discomfort and exhibited symptoms of withdrawal, he was taken to the hospital where he was adminstered "a half dosage" of Demerol which relieved these symptoms and appellant ·became more relaxed and discussed in more detail events previously related. However, there is no indication that his statements were not the product of a rational intellect and free will. We are not prepared to say that a confession made by a person under the influence of drugs is per se involuntary. It is suspect, and a full and complete evidentiary hearing is necessary to a resolution of such an issue. Jackson v. Denno, *supra,* 378 U.S. at 390–391, 84 S.Ct. 1774. The trial court recognized its duty to hold such a hearing and to apply the proper standards. In announcing its decision the Court, among other cases, discussed the principles reviewed in Gladden v. Unsworth, 396 F.2d 373, 380 (CA9 1968).

■ The issue here was whether the Demerol injection deprived appellant of "a rational intellect and free will." Wade v. Yeager, 245 F.Supp. 62 (D.C. N.J.1964); *compare,* Griffith v. Rhay, 177 F.Supp. 386 (D.C.E.D.Wash.1959), rev'd 282 F.2d 711 (CA 9 1960) (Demerol—reversed because no waiver of right

to counsel); Fant v. Peyton, 303 F. Supp. 457 (D.C.Va.1969) (intoxication). The trial court found that appellant's statements were voluntary. The evidence supports that finding. United States v. Tyrone Wilkins, 477 F.2d 323 (CA8 1973) (drug flashback).

In conclusion we deem it appropriate to comment that the trial court exercised great care to insure that these difficult issues were fully developed in the suppression hearing. Appellant was advised that he might testify at the hearing without prejudice to his right to remain mute at the trial before the jury later on.[2] The government was permitted to offer as a part of these proceedings a certified copy of the findings of facts and conclusions of law and judgment entered by the United States District Court for the Southern District of Indiana on October 26, 1972 finding that appellant was competent at the time he entered a plea of guilty to proceedings in that court on February 11, 1972 and "at all times in question" (which included the date here in question February 4, 1972). However, Judge Eisele recognized there was some ambiguity with respect to the issues ruled on in Indiana as compared to the issues presented in the instant matter and properly insisted on a complete hearing.

After carefully considering the entire record, we are satisfied that appellant knowingly and intelligently waived his right to counsel and voluntarily made the incriminating statements. The issues presented are troublesome. Absent a complete hearing and the record here made we might well be constrained to reach a different result. The issues were fully developed under the careful guidance of the trial court and with the able assistance of counsel for both the government and appellant.

Affirmed.

---

2. Aside from vigorous cross-examination of the government's witnesses, appellant offered no additional evidence at the suppression hearing. During the trial appellant only offered the testimony of Dr. Keyes who had testified upon call of the government in the suppression hearing.