UNITED STATES of America, Appellee,

v.

Lewis C. TROTTER, Appellant.

No. 75–1945.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1976.

Decided July 14, 1976.

James L. Thomas, St. Louis, Mo., for appellant.

David D. Noce, Asst. U. S. Atty., Donald J. Stohr (former U. S. Atty., effective May 15th, Barry A. Short, U. S. Atty.), St. Louis, Mo., on brief, for appellee.

Before ROSS, STEPHENSON and HENLEY, Circuit Judges.

STEPHENSON, Circuit Judge.

After submission we remanded this case to the district court for further proceedings and findings with respect to the admissibility of appellant's confession under *Evans v. United States*, 375 F.2d 355, 360 (8th Cir. 1967). Said findings were to include a determination of whether appellant was illegally held in state custody in collaboration with federal officials, *Anderson v. United States*, 318 U.S. 350, 63 S.Ct. 599, 87 L.Ed. 829 (1942), and whether appellant was held in custody in violation of Fed.R.Crim.P. 5.

■ The district court conducted a further hearing herein during which local officials and FBI Agent Marshall Gorham were examined with respect to the issues raised in our order of remand. The court found that the defendant Trotter had been fully advised of his *Miranda* rights and having been so advised, knowingly and intelligently waived his privilege against self-incrimination and voluntarily, knowingly and intelligently waived his right to have retained or appointed counsel present at the interrogation, and then made the confession which was freely and voluntarily made on August 11, 1975. The court further found that from the time of his arrest to the time he made his confession to federal agents defendant was exclusively in Missouri state custody, being held at the instance of Indiana authorities and pending their determination with respect to action to be taken on a felony warrant issued by the state of Indiana; that there was no illegal working relationship between state and federal authorities and that at no time prior to making the confession were the Missouri officials acting on behalf of federal authorities in continuing to incarcerate defendant.

We have examined the transcript of the further hearing conducted herein along with the original record and are satisfied that defendant's confession was properly admitted in evidence.

■ The remaining issues raised by appellant are insubstantial. Appellant contends the trial court erred in receiving in evidence the certified, exemplified, and authenticated Indiana registration records of the Indiana Bureau of Motor Vehicles showing that the stolen vehicle in issue was last registered in the name of Frank W. Tweedy, Muncie, Indiana. Initially, appellant contends the exhibit was not relevant since it is not a crime to drive an automobile which is registered to another person. The contention is devoid of merit. The exhibit tended to show that appellant did not own the vehicle and further that it was owned by a person who lived in Muncie, Indiana. Both facts corroborated appellant's confession that he stole the vehicle in Muncie and were therefore relevant. Appellant's further contention that the exhibit was not admissible because not shown to be a record kept, recorded or copied in the normal course of business is likewise without merit. The exhibit included a photocopy of the certificate of registration, attested to and certified by the Commissioner of the Bureau of Motor Vehicles of the State of Indiana, the custodian of such records, together with the certificate of the governor of Indiana that the attached attestation and certificate was executed by the duly appointed, qualified and acting Commissioner of the Bureau of Motor Vehicles of the State of Indiana and custodian of the records therein. The documents executed by the governor and the commissioner contained the seals of their respective offices. The documents were executed in full compliance with 28 U.S.C. § 1739. The exhibit also complies with Fed.R.Evid. 902(1).

■ Finally, appellant urges that the trial court erred in denying his motion to acquit because the government failed to prove the automobile was stolen. In substance appellant contends there was insufficient evidence to support his confession of guilt. We are satisfied after examining the record that there is substantial independent evidence that the offense had been committed, and the evidence as a whole proves beyond a reasonable doubt that the defendant is guilty. *See Smith v. United States*, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954).

Affirmed.