**UNITED STATES of America, Appellee,**

v.

**Juanita K. VITALE, Appellant.**

**No. 76–1877.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 25, 1977.

Decided Feb. 9, 1977.

Rehearing and Rehearing En Banc Denied March 1, 1977.

Certiorari Denied May 2, 1977. See 97 S.Ct. 1704.

William Sitzer, St. Louis, Mo., on briefs, for appellant.

Barry A. Short, U. S. Atty., and Ronald A. Jenkins, Asst. U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Defendant appeals from a jury conviction on three counts of distributing controlled substances (dilaudid, cocaine and heroin) on August 12 and 20, 1976, in violation of 21 U.S.C. § 841(a)(1). The district court imposed a sentence of five years imprisonment on each count, to run concurrently, and a special parole term of three years on each count, also to run concurrently. Appellant urges trial error as a basis for reversal. The alleged errors involve (1) reference to other crimes, (2) inadequate foundation for admission of telephone calls, and (3) admission of expert testimony identifying the controlled substances. We affirm.

The evidence disclosed that Officer Zinselmeier, an undercover police officer, made the purchases of the narcotics from appellant on two occasions. Detective McDonald observed both transactions through binoculars. The August 12 sale involving the distribution of dilaudid took place at approximately 1:00 a.m. in a well-lighted parking lot. Detective McDonald observed appellant arrive in a light green Impala. She departed from the passenger side and entered Officer Zinselmeier's vehicle where she remained approximately five minutes. Officer Zinselmeier testified that appellant handed him a cellophane-type bag with ten yellow pills (later identified as dilaudid) in it, for which he gave her $120, the price agreed to by telephone a short time prior thereto.

The August 20 transaction took place at approximately 11:00 p.m. at the northwest corner of Blaine and Thurman in St. Louis.

Detective McDonald again observed the transaction through binoculars. Officer Zinselmeier testified that appellant handed him one foil package containing ten red capsules (identified as heroin) and a second foil package which contained a white powder (identified as cocaine). The officer gave appellant eight $20 bills, the serial numbers of which he had previously recorded. Upon appellant's arrest by another officer (Officer Miller) shortly thereafter, she was taken to the police station, and the recorded $20 bills were removed from her person.

Custody of the controlled substances in issue was established, and a chemist testified as to his analysis and identification of the substances as dilaudid, cocaine and heroin. Appellant presented no evidence in her defense. The evidence of guilt was overwhelming.

*Evidence of Other Crimes*

On direct examination, Zinselmeier testified that he went to appellant's residence on the evening of August 20, 1976. In response to the question, "What transpired, if anything, at that meeting?", he testified that he had seen another white male entering the residence and that appellant came to the door. After discussing the price and quantity of the narcotics to be purchased, he testified that appellant said, "I've got somebody inside I'm making a deal with." Defense counsel objected, asked that that statement be stricken, and moved for a mistrial. The court ordered that the statement be stricken, that the jury disregard it, and that the witness be responsive; however, the court denied the motion for a mistrial.

We conclude that the failure to declare a mistrial was not an abuse of discretion. The testimony was ordered stricken; the jury was instructed to disregard it; and the witness was admonished to be responsive. The testimony was not pursued further. Moreover, the court later instructed the jury that the defendant was not on trial for any act or conduct not alleged in the indictment. Finally, appellant concedes that the

government counsel was proceeding in good faith, although she charges the police officer was not.

Under all the circumstances, we are satisfied appellant has failed to show an abuse of discretion. *See, e. g., United States v. Splain,* 545 F.2d 1131, 1133 (8th Cir. 1976); *United States v. Bear Killer,* 534 F.2d 1253, 1261 (8th Cir. 1976); *United States v. Scogin,* 459 F.2d 182, 185 (8th Cir.), *cert. denied,* 409 U.S. 865, 93 S.Ct. 159, 34 L.Ed.2d 114 (1972); *see also Frohmann v. United States,* 380 F.2d 832, 835 (8th Cir.), *cert. denied,* 389 U.S. 976, 88 S.Ct. 478, 19 L.Ed.2d 469 (1967). Moreover, the evidence against appellant was so overwhelming that there is little likelihood that this single comment affected the jury. *See United States v. Splain, supra,* at 1133.

## The Telephone Call

■ Officer Zinselmeier testified that on August 12, 1976, he placed a telephone call to the residence of one Peggy Lindsay. A female voice answered. After the court sustained defense counsel's objection of lack of a proper foundation for testimony about the phone call, Zinselmeier testified that he had spoken with appellant on at least three occasions (two of which were face-to-face meetings), that he could identify appellant's voice, and that the voice on the other end of the phone was appellant's. The district court then overruled defense counsel's lack of foundation objection. Zinselmeier testified that the first call was followed by a second call during which the same female voice identified herself as Juanita Vitale, arranged to sell Zinselmeier dilaudid at a restaurant parking lot, and gave a physical description of herself and the car in which she would go to the parking lot. One hour later appellant, who matched the physical description given in the phone call and who was riding in the car described in the phone call, met Zinselmeier in the designated parking lot and sold him the substance later identified as dilaudid.

Appellant alleges that evidence about the telephone conversations should have been excluded because no proper foundation was laid. The essence of this allegation is that Zinselmeier had not spoken to appellant prior to the phone call and could not identify her voice then.

Rule 901(a) of the Federal Rules of Evidence provides that the requirement of authentication is met where there is "evidence sufficient to support a finding that the matter in question is what its proponent claims." *See also United States v. Biondo,* 483 F.2d 635, 644 (8th Cir. 1973). Rule 901(b)(5) allows for identification of a voice "by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." In the Notes of the Advisory Committee to Rule 901(b)(5), the Committee stated: "[T]he requisite familiarity may be acquired *either before or after* the particular speaking which is the subject of the identification, * * * (emphasis added)." In the instant case, Officer Zinselmeier testified that he had spoken with appellant personally on two occasions and could identify her voice. This clearly seems to meet the standards of admissibility.

■ Furthermore, identity may be proven by circumstantial evidence. *United States v. Biondo, supra; United States v. Alper,* 449 F.2d 1223, 1229 (3d Cir. 1971), *cert. denied,* 405 U.S. 988, 92 S.Ct. 1248, 31 L.Ed.2d 453, *rehearing denied,* 406 U.S. 911, 92 S.Ct. 1605, 31 L.Ed.2d 822 (1972); *Cwach v. United States,* 212 F.2d 520, 525 (8th Cir. 1954). Appellant's presence at the parking lot designated during the second phone call, matching the physical description given on the phone, and riding in the car described on the phone is strong evidence that she is the party with whom Zinselmeier spoke.

## Expert Testimony

■ A police chemist was qualified without objection as an expert in narcotics identification. He testified that he performed three tests (chemical, thin layer chromatography and infrared spectrophotometric) on each of the three substances in question and concluded that they were definitely dilaudid, heroin and cocaine. On cross-examination he admitted that the most specific of

the three tests, spectrophotometric analysis, cannot always be used to identify impure substances. Appellant now contends that this evidence should have been excluded.

Appellant's argument fails for two reasons. First, the chemist's testimony was that only a pure sample of the drug would match the master spectrum files for each narcotic. He then testified that the substances he tested matched the master spectrum file. Thus, the sample which the chemist tested must have been pure. The fact that the test may not always be used with impure substances thus has no bearing on appellant's case, and her allegation in this regard borders on the frivolous.

■ Second, appellant's contention in this regard is really an attack on the probative sufficiency of the expert testimony, not on its admissibility. It is well settled that the weight to be accorded to expert testimony is a matter for the jury to determine. *See, e.g., United States v. McMillan,* 508 F.2d 101, 106 (8th Cir. 1974), *cert. denied,* 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782 (1975); *United States v. Burden,* 497 F.2d 385, 387 (8th Cir. 1974).

Affirmed.