UNITED STATES of America, Appellee,

v.

**Thomas Jones DANLEY, Appellant.**

No. 77–1374.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 3, 1977.

Decided Nov. 9, 1977.

Paul D. Groce, Groce & Kaufman, Jacksonville, Ark., on brief, for appellant.

W. H. Dillahunty, U. S. Atty., and Richard M. Pence, Jr., Asst. U. S. Atty., Little Rock, Ark., on brief, for appellee.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Thomas Jones Danley appeals his conviction of robbing the Arkansas Savings and Loan Association in Little Rock, Arkansas, in violation of 18 U.S.C. § 2113(d). The sole issue on this appeal is whether his full and detailed confession was improperly admitted at trial following a pretrial hearing at which his motion to suppress was denied.

The following essential facts are undisputed: On March 16, 1977 appellant was arrested at the home of his girl friend and taken to police headquarters. There, he refused to make a statement regarding the state burglary charge which had been placed against him and was held in custody

for approximately two more hours. At that time, appellant was interviewed by two agents of the Federal Bureau of Investigation. Before being questioned appellant received his full *Miranda* warnings and, after the word "coerced" had been explained to him, stated that he understood his rights and signed the formal waiver which was presented to him.[1] He then expressed a desire to talk to his mother by telephone and this request was granted. Thereafter, appellant returned and gave a full statement of his participation in the robbery, which was taken down by the agents, following which appellant read and signed the statement.

Appellant does not deny signing the waiver of *Miranda* rights or the confession. Instead, he contends, as he did at the suppression hearing, that he was affected by drugs, alcohol, nervousness and fear of being sent to a state institution. He further contends that he was influenced by the threat that his girl friend would be prosecuted if he did not cooperate and by an alleged promise to have the state charges dropped if he went the federal route. These threats and promises were expressly contradicted by testimony of the agents.

On these facts the District Court found as follows:

It is my finding that the defendant voluntarily signed the statement, that he was advised in a proper manner as to his rights. There were no threats or promises or any coercion used in obtaining the confession.

I do believe that he felt it was to his advantage to make a statement on the federal charge. I think it was his view that he did not want to go to Cummins or Tucker and that he would, therefore, prefer and hope that by cooperating on the federal charge he might avoid that.

1. The waiver which appellant signed read as follows:

Waiver of Rights. I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.

But that was part of his own motivation. I note that he did not cooperate with the State authorities. When they asked him to sign a statement, he didn't do it. This is consistent with his desire to avoid State incarceration. His cooperation with the federal people is an indication of his own motives.

I do not believe he was intoxicated at the time the statement was taken. I don't even think he contends that he was. He was coherent and he knew what was going on. It seems to me he handled the situation fairly carefully.

I find that the telephone call to his mother was made before he gave the actual confession and the agents did not tell him that they would see to it that the State charges were dropped. Agents can't possibly do that. They have no authority whatsoever in that area so they made no promises in that connection.

So on the basis of the preliminary hearing, I am going to overrule the motion to suppress.

■ In a *Jackson v. Denno*[2] hearing the Government has the burden of establishing that a confession resulting from an uncounselled custodial interrogation was preceded by a knowing and intelligent waiver of *Miranda* rights. *See Miranda v. Arizona*, 384 U.S. 436, 479, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). These findings must be made with unmistakable clarity. *Evans v. United States*, 375 F.2d 355, 360 (8th Cir. 1967), *rev'd sub nom. on other grounds, Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Where the District Court's findings have not satisfied the clarity requirement we have remanded the case *nunc pro tunc* for the limited purpose of entering such findings of fact. *See, e. g., United States v. Walton*, 538 F.2d 1348, 1352 (8th Cir. 1976), *cert. denied*, 429 U.S. 1025, 97 S.Ct. 2954, 53 L.Ed.2d 1080 (1976); *United States v. Trotter*, 538 F.2d 217, 218 (8th Cir.), *cert. denied*, 429 U.S. 943, 97 S.Ct. 362, 50 L.Ed.2d 313 (1976); *United States v. Johnson*, 529 F.2d 581, 583 (8th Cir.), *cert.*

*denied*, 426 U.S. 909, 96 S.Ct. 2233, 48 L.Ed.2d 835 (1976).

Precise words are not, however, required in such finding. *See, e. g., United States v. Davis*, 532 F.2d 117, 118 n. 3 (8th Cir. 1976); *United States v. Harden*, 480 F.2d 649, 650 (8th Cir. 1973). Appellant's written waiver of *Miranda* rights, *see* note 1, *supra*, contained a clear and unmistakable waiver of his right to counsel.

■ The District Court expressly rejected each of appellant's arguments going to the issues of waiver and voluntariness. It found that appellant was both given proper warnings and voluntarily signed the statement. It found that appellant knew what he was doing and "handled the situation fairly carefully." These are credibility findings to which we accord due deference. *United States v. Thomas*, 521 F.2d 76, 79 (8th Cir. 1975).

■ When a suspect has been properly advised of his *Miranda* rights, as appellant was in this case, and thereafter voluntarily signed the confession knowing that it could be used against him, and has voluntarily and expressly in writing waived his right to counsel during the interview, he has waived his privilege against self-incrimination. These holdings are implicit in the findings of the District Court, which, upon our review of the record, are well supported by the evidence and are not clearly erroneous. *See United States v. Harden, supra*.

Affirmed.

---

2. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).