**UNITED STATES of America, Appellee,**

v.

**Willie Lee HARTMON, Appellant.**

**No. 77–1607.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 5, 1977.

Decided Dec. 13, 1977.

Sheldon Weinstein, St. Louis, Mo., for appellant.

Barry A. Short (former U. S. Atty.) and David M. Rosen, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Willie Lee Hartmon appeals from a judgment of conviction under 18 U.S.C. §§ 111 and 1114 for assaulting a United States Postal Service employee. The district court sentenced defendant under the Youth Correction Act, 18 U.S.C. § 5010(b). On appeal Hartmon challenges the admissibility of certain oral statements given to a postal inspector following his arrest. After an evidentiary hearing the district court overruled the defendant's motion to suppress, finding that the defendant had been given *Miranda* warnings; that he had validly waived his privilege against self-incrimination and his right to counsel; and that the statement in question was freely and voluntarily made. We affirm.

The government's evidence showed that Hartmon, age 18, became involved in an argument with a postal carrier over the carrier's refusal, due to a change of address, to deliver an ADC check to defendant's sister. During the argument Hartmon pushed the carrier over a stair railing inflicting some rather severe personal injuries. The police thereafter arrested the defendant and took him to the police station. At the station Hartmon was advised of his

* ROY W. HARPER, United States Senior District Judge, Eastern District of Missouri, sitting by designation.

*Miranda* rights and signed a waiver form which provided in part: "No promises or threats have been made to me. No pressure of any kind has been used against me. I am willing to give you a statement without an attorney present."

The defendant concedes that no threats or promises were made by the officers. Hartmon, however, asserts that, under the totality of the circumstances—his age, his failure to complete high school, and his fear that he had killed his victim—his waiver was involuntary.

The record provides overwhelming support for the district court's determination that the defendant's statement was freely and voluntarily made. The alleged coercive elements upon which the defendant relies are not sufficient under the totality of the circumstances to require this court to set aside the district court's holding as clearly erroneous. *See United States v. Danley*, 564 F.2d 813 (8th Cir. 1977).

The judgment of the district court is affirmed.