**UNITED STATES of America,
Plaintiff-Appellee,
v.
Lorenzo MARTINEZ–PEREZ,
Defendant-Appellant.**

No. 79–5608

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 2, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

542

Herbert E. Cooper, Asst. Federal Public Defender, El Paso, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Jerry Tanzy, Asst. U. S. Attys., El Paso, Tex., for plaintiff-appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant Lorenzo Martinez-Perez was convicted for attempting to escape from custody of a correctional institution in violation of 18 U.S.C. § 751(a). At trial, his oral confession was introduced into evidence. On appeal, appellant asserts that his confession was involuntary and should have been excluded. We affirm.

Appellant was wounded in the shoulder on May 10, 1979 while incarcerated at the Federal Correctional Institution at La Tuna, Texas. He was shot by prison guards at approximately 8:45 P.M. The guards saw appellant, along with another inmate, running across a ballfield that was off-limits to prisoners at that time of the night. He was taken to a hospital where he underwent surgery for his wound at 2:30 A.M. Prior to surgery, he was given an injection of sodium pentothal followed by a general anesthetic. Surgery concluded at 4:30 A.M. Later that morning, at about 9:20 A.M., appellant received an injection of demerol and vistaril, both of which have a sedative effect. At 2:45 P.M., an FBI agent conducted an interview with appellant. Since appellant was a native of Mexico, the FBI agent conducted the session entirely in Spanish. During the 55-minute interview, appellant confessed to attempting escape.

At trial, the district court, after conducting a suppression hearing outside the presence of the jury, concluded that the confession was voluntary and therefore admissible. On appeal, appellant contends that the confession was involuntary because of the pain he suffered following his injury, the drugs administered at the hospital, and his ignorance of the American criminal system. Such facts are relevant since the question of voluntariness "requires an assessment of human motivation and behavior." *United States v. Ballard*, 586 F.2d 1060, 1063 (5th Cir. 1978). *Cf. United States v. Harden*, 480 F.2d 649 (8th Cir. 1973).

A confession is voluntary if "under the 'totality of the circumstances' the statements are the product of the accused's 'free and rational' choice." *Martinez v. Estelle*, 612 F.2d 173, 177 (5th Cir. 1980) (*citing Greenwald v. Wisconsin*, 390 U.S. 519, 521, 88 S.Ct. 1152, 1154, 20 L.Ed.2d 77 (1968)). *See Boulden v. Holman*, 394 U.S. 478, 480, 89 S.Ct. 1138, 1140, 22 L.Ed.2d 433 (1969). The prosecution bears the burden of showing by a preponderance of the evidence that a confession is voluntary. *Lego v. Twomey*, 404 U.S. 477, 489, 92 S.Ct. 619, 626–27, 30 L.Ed.2d 618 (1972); *Martinez, supra*, 612 F.2d at 177. In this case, we hold that the district court's finding of vol-

untariness was adequately supported by the record.

During the suppression hearing, the FBI agent testified about the conversation with appellant. Before talking with him, the agent discussed his medical condition with the attending physician. Before asking any questions, the agent inquired if appellant was in pain and whether he felt well enough to talk. According to the agent, appellant stated that while he was experiencing some discomfort in his shoulder, he would talk. The agent testified that appellant appeared alert. At that point, the agent advised him of his *Miranda* rights. First, the agent explained the rights orally. Next, he read the rights verbatim from a printed card. Finally, he had appellant read the rights himself from the card. The card was printed in Spanish and appellant indicated to the agent that he could read Spanish.

Appellant's arguments concerning the voluntariness of the confession are without merit. The district court acknowledged that appellant was suffering some pain, but that it was not so great as to affect his ability to give a voluntary confession. The FBI agent testified that despite the pain, appellant indicated his willingness to talk. With respect to the drugs, a doctor testified that the effects of the sodium pentothal and general anesthetic administered to appellant would last only four to five hours so that at the time of the interview they would have no effect. The doctor also stated that the effects of the demerol and vistaril administered at 9:20 A.M. would have been minimal by the time of the interview. Thus, the district court was justified in finding that the effects of the drugs was insufficient to overcome appellant's free will. *Cf. Harden, supra,* 480 F.2d at 651–52. This is not a case where the circumstances of a hospital interview are such as to necessitate a finding of involuntariness. *Cf. Mincy v. Arizona,* 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978) (patient's con-

fession was not voluntary where he sustained serious injury and at time of questioning was still suffering serious pain, on life support systems, and incoherent).

Finally, appellant's contention that he did not understand this country's criminal system is without merit. The FBI agent meticulously explained the *Miranda* rights to appellant and took steps to assure that he understood them. The record indicates no threat of coercion or force, or even the suggestion of such a threat. Accordingly, the district court was justified in finding that appellant understood his *Miranda* rights, and knowingly waived them. Since the record supports the finding that the confession was voluntary, the conviction is affirmed.[1]

AFFIRMED.

---

1. Appellant's second argument is that the evidence is not sufficient to support the verdict of guilt. This argument is without merit in light of the fact that we hold the confession to be voluntary which permits the jury to consider

that evidence in determining the question of guilt. In addition, competent testimony from various prison guards supports the verdict.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.