**UNITED STATES of America, Appellee,**

v.

**Raymond H. MAGNUSON, Jr., Appellant.**

**Nos. 81–2093 to 81–2095.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 11, 1982.

Decided June 17, 1982.

Thomas A. Vakulskas, Sioux City, Iowa, for appellant.

Robert L. Teig, Asst. U. S. Atty., N. D. Iowa, Cedar Rapids, Iowa, for appellee.

Before ROSS, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

There are three separate indictments and convictions at issue on this consolidated appeal. Each of the indictments was based on a different factual situation. Only one of the indictments gave rise to a trial. We will refer to each of the separate cases by the numbers given them on appeal.

In Case No. 81–2093, the only one which went to trial, appellant Magnuson and a William Beckman were charged with three counts of mail fraud, seven counts of wire fraud, and one count of conspiracy to commit mail and wire fraud. The mail fraud counts were dismissed at trial. Magnuson was found guilty on the other counts. He was sentenced to concurrent five-year terms of imprisonment on the wire fraud charges and to a consecutive five-year term on the conspiracy charge.

In Case No. 81–2094, Magnuson was charged in a four-count indictment. After he was tried and convicted in Case No. 81–2093, he plea-bargained on this indictment and pled guilty to one count of wire fraud and one count of conspiracy. He was sentenced to two five-year terms, to run concurrently with each other and with the sentences imposed in Case No. 81–2093.

In Case No. 81–2095, Magnuson was charged in a three-count indictment. He plea-bargained and pled guilty to one count of obstruction of justice. He was sentenced to five years' imprisonment, to run concurrently with the other sentences.

During the trial of Case No. 81–2093, the following facts were established. In the summer of 1980, a Mr. Fowler became interested in purchasing a house from a Mr. Beckman. Fowler eventually decided not to buy. Beckman then suggested that they buy the place and burn it to collect the insurance. At that point, Fowler went to Government authorities and served as an informant. He was wired for sound and he taped several conversations with Beckman.

The evidence showed that Beckman made the arrangements to carry out the arson-for-profit scheme. Beckman discussed "the torch" (the person who would actually set the fire) with Fowler several times, but never by name. Instead, the torch was referred to as the "interior decorator."

A Floyd Barnes testified that on or about September 28, 1981, he was told by Beckman that Barnes should contact Magnuson because there was a job for him. Barnes gave the message to Magnuson.

On October 1, Beckman and Magnuson went to the property at issue, went inside, and looked around. The house was under surveillance at the time. Around this same period, Beckman had several phone conversations with Fowler, who was in Las Vegas, about the arson scheme and whether it would take place while Fowler was out of town. On October 2, Beckman was arrested by state authorities and charged with solicitation.[1]

On February 27, 1981, Magnuson was arrested on the charges involved in Case No. 81–2095. He was questioned at that time

---

1. Beckman was charged federally in the same indictment as Magnuson. It was decided that they should be tried separately. Beckman pled guilty to the federal charges after Magnuson's trial.

by FBI agents. According to Government witnesses, Magnuson confessed, at this time, to having been involved in several crimes, including the scheme with Beckman to burn the house. Magnuson said that he had been offered $4,000 for the job. He said that he was told by Beckman, after Beckman's arrest, not to set the fire.

Magnuson has alleged four issues on appeal. One of the issues was not briefed by Magnuson before this court but, since it is raised by him in his Statements of Issues on Appeal, we will briefly address it.[2] We find that appellant's contentions of error are without merit and we affirm the judgments of the district court.

█ In his Statements of Issues on Appeal, Magnuson contends that the district court[3] committed reversible error in each of the cases now on appeal by failing to suppress the use of his confession in those cases. In Cases No. 81–2094 and 81–2095, Magnuson pled guilty after his motion to suppress the confession was denied. His guilty pleas waived any objection to the denial of the motion to suppress as regards those cases. *See United States v. Johnson*, 634 F.2d 385, 386 (8th Cir. 1980).

█ As to the case which went to trial, No. 81–2093, the trial court conducted an evidentiary hearing "in a proceeding separate and apart from the body trying guilt or innocence." *Jackson v. Denno*, 378 U.S. 368, 394, 84 S.Ct. 1774, 1790, 12 L.Ed.2d 908 (1964). At this suppression hearing, the Government proved by a preponderance of the evidence that Magnuson's confession was voluntary. The court's finding is supported by substantial evidence and is not clearly erroneous. *See United States v. Danley*, 564 F.2d 813, 815 (8th Cir. 1977); *United States v. Haskins*, 536 F.2d 775, 778 (8th Cir.), *cert. denied*, 429 U.S. 898, 97 S.Ct. 263, 50 L.Ed.2d 182 (1976).

█ Magnuson contends that there was no independent proof that he joined the conspiracy between Fowler and Beckman to

burn down the house. He argues that, therefore, the hearsay statements of his alleged co-conspirators should not have been admitted against him, as they were under Rule 801(d)(2)(E) of the Federal Rules of Evidence. Such statements are admissible if the Government demonstrates (1) that a conspiracy existed, (2) that the defendant and the declarant were members of the conspiracy, and (3) that the declaration was made during the course and in furtherance of the conspiracy. *United States v. Collins*, 652 F.2d 735, 741 (8th Cir. 1981), *citing United States v. Bell*, 573 F.2d 1040, 1043 (8th Cir. 1978); *United States v. Bell*, 651 F.2d 1255, 1259 (8th Cir. 1981).

There is independent evidence to support the decision of the district court in this case to admit the testimony. That evidence consists of (1) the testimony of Floyd Barnes, (2) evidence that Beckman had been in the house with the "interior decorator" prior to September 28, 1980, (3) Magnuson's presence at the house to be burned, and (4) Magnuson's confession. We find no error in the court's conclusion that the Government established by a preponderance of the evidence that the conspiracy existed and that the admitted statements were made in furtherance of it.

█ Magnuson next alleges that he was found guilty of charges which were based on acts which occurred prior to his association with Beckman. The acts to which he refers are the telephone calls made between Fowler and Beckman, which were the basis for the wire fraud charges. There was, however, substantial evidence which, taken in the light most favorable to the verdict, *Hamling v. United States*, 418 U.S. 87, 124, 94 S.Ct. 2887, 2911, 41 L.Ed.2d 590 (1974), showed that Magnuson had become a member of the conspiracy by mid-September and was thus a member of that conspiracy before and during the commission of the crimes alleged in the wire fraud counts of his indictment.

---

**2.** The issue not briefed is that which concerns the admission of Magnuson's confession.

**3.** The Honorable Donald E. O'Brien, United States District Judge, Northern District of Iowa.

Finally, Magnuson alleges that the court considered impermissible factors in imposing sentence on him. This claim is entirely without merit. Magnuson either pled guilty or was convicted in a jury trial of substantial, multiple offenses. The sentence imposed is well within statutory limits and the district court judge evidenced no abuse of discretion in imposing it. *See, e.g., United States v. Conley,* 523 F.2d 650, 656 (8th Cir. 1975), *cert. denied,* 424 U.S. 920, 96 S.Ct. 1125, 47 L.Ed.2d 327 (1976).

Having found Magnuson's claims of error to be without merit, we affirm the judgments of the district court.