**Eddie ALMON, Plaintiff-Appellant,**

v.

**Marvin JERNIGAN, Warden, Central Correctional Institution, Defendant-Appellee.**

**No. 82-8571.**

United States Court of Appeals, Eleventh Circuit.

Sept. 26, 1983.

**1506**

Gerald P. Word, Carrollton, Ga., for plaintiff-appellant.

Nicholas G. Dumich, Asst. Atty. Gen., Atlanta, Ga., for defendant-appellee.

Before TJOFLAT, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Eddie Almon, a state prisoner, appeals from the denial of his petition for a writ of habeas corpus by the District Court for the Northern District of Georgia. We affirm.

Almon shot and killed Charlie Thomas after an argument at a party on September 24, 1977. The victim's son, Carroll County Deputy Sheriff Charles Thomas, Jr., apprehended Almon on a country road shortly after the shooting. Deputy Thomas struck Almon several times, forced Almon to lie face down on the road, kicked Almon in the side, and shot Almon in the hand. Another sheriff's deputy, Peter Smith, then arrived on the scene and took custody of Almon. Deputy Smith transported Almon to a hospital for treatment of his wounded hand and then took Almon to the county jail.

The following day, Investigator Henry Robinson questioned Almon about the shooting.[1] Almon confessed that he had killed Thomas, stating, according to Investigator Robinson,[2] that after Thomas had pulled a gun during the argument, he had wrestled the gun away, "backed off a couple of steps," and then fired the gun.

Almon was charged with murder and had a jury trial in April of 1978. During the trial, Almon's attorney challenged the admissibility of the confession Almon had made to Investigator Robinson. Pursuant to the dictates of *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the trial judge conducted a hearing outside the jury's presence to determine whether Almon's confession had been made voluntarily.

Investigator Robinson was the prosecution's only witness at the hearing. According to Robinson, Almon appeared to be sober and mentally alert at the time of the questioning. When Robinson asked whether he "was hurting," Almon replied "a little

---

1. Robinson testified that he did not attempt to question Almon as soon as Almon arrived at the jail because Almon was intoxicated and not "in any condition to talk."

2. Almon's confession apparently was not transcribed.

bit." Before asking any questions about the shooting, Robinson read Almon his *Miranda* rights and asked Almon whether he wanted to talk. Almon responded affirmatively, and Almon then gave his account of the shooting.

Almon did not testify at the *Jackson v. Denno* hearing,[3] and the trial judge ruled, based on the evidence before him, that Almon's confession had been made freely and voluntarily. Consequently, the judge allowed Robinson's testimony about the confession into evidence before the jury.

Almon subsequently testified in his own defense. Almon admitted that Investigator Robinson had given him the required *Miranda* warnings, had been "nice" to him, and had not threatened him in any way. Nevertheless, Almon indicated that at the time of the questioning he was in pain from the wound to his hand and was afraid that he would be beaten by sheriff's department personnel. With respect to the shooting, Almon's testimony was virtually identical to Investigator Robinson's account of the confession. The only difference of any importance was that Almon denied taking two steps backward before firing the gun. Almon also denied telling Robinson that he had taken two steps backward.

The jury found Almon guilty of the lesser-included offense of voluntary manslaughter, and the judge sentenced him to 15 years of imprisonment. Almon exhausted his state remedies on his claim that an involuntary confession had been admitted at his trial, and then brought the present habeas corpus petition.

Almon's basic contention is that his confession was involuntary because he was in pain and was afraid of being beaten or tortured at the time he was questioned by Investigator Robinson. The district court rejected this contention, ruling that the state trial court had properly determined that Almon's confession was voluntary and, therefore, admissible at trial.[4] After reviewing the record, we agree with the district court that Almon's petition must be denied.

■ As the district court pointed out, the state trial court conducted a full and fair hearing on the voluntariness of Almon's confession. At the hearing, Investigator Robinson testified that Almon appeared to be sober and alert when questioned, that Almon had merely responded "a little bit" when asked if he was in pain, and that Almon had willingly talked about the shooting after being informed of his *Miranda* rights. Almon himself did not testify at the hearing, and thus there was absolutely no rebuttal of Robinson's account of the circumstances of the confession. Accordingly, the state trial court properly concluded that Almon's confession had been made freely and voluntarily.

■ Nevertheless, Almon contends that his testimony before the jury at trial, in which he indicated that he was in pain and was afraid of being beaten at the time of the questioning, revealed that his confession was involuntary. This contention is without merit. Aside from the fact that Almon failed to present this evidence at the *Jackson v. Denno* hearing,[5] the record as a whole simply does not support Almon's contention that the confession was involuntary. Although Almon may have been in some pain due to the injury to his hand, nothing

---

**3.** The only witness for the defense at the *Jackson v. Denno* hearing was Deputy Peter Smith, who confirmed that Almon apparently had been lying on the road when Deputy Thomas shot him in the hand.

**4.** The district court also ruled that any error in the admission of Almon's confession was harmless. We need not, and expressly do not, consider this aspect of the ruling below.

**5.** *See United States ex rel. Rush v. Ziegele,* 474 F.2d 1356, 1359 (3d Cir.1973) (defendant's refusal to testify at *Jackson v. Denno* hearing constituted a "waiver of his right to present evidence to demonstrate the involuntariness of the confession"). Because of our disposition of this case on the basis of the record as a whole, we need not address the waiver issue.

in the record suggests that the pain was "so great as to affect his ability to give a voluntary confession." *United States v. Martinez-Perez,* 625 F.2d 541, 543 (5th Cir. 1980) (rejecting a similar claim by a defendant who confessed to an escape attempt shortly after being shot in the shoulder by prison guards). Further, there is no indication in the record that Investigator Robinson threatened or coerced Almon in any way. Indeed, Almon himself testified that Robinson read Almon his *Miranda* rights and inquired about Almon's physical condition before asking questions about the shooting. Almon also testified that Robinson generally was "nice" to him.[6] Thus, the record fully supports the district court's finding that the confession was voluntary.

Accordingly, the order of the district court denying relief is

AFFIRMED.

---

**6.** Almon points out that Robinson was a member of the same law enforcement agency as *Deputy Thomas, the victim's son* and the person who had mistreated Almon the day before. Thus, Almon argues, Robinson "had an affirmative duty to alleviate [Almon's] fears prior to taking any statement." Brief of Appellant at 11. Almon then argues that Robinson failed to discharge this duty adequately and, therefore, that Almon's confession must be deemed involuntary as a matter of law. This argument is without merit. Aside from the fact that Almon cites no relevant authority to support the argument, the record fully supports the district court's finding that Investigator Robinson's "demeanor allayed any fears of further injury" that Almon reasonably might have had. *See* Record on Appeal, vol. 1, at 80.