ROBERT JAMES HARRIS, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 20725

October 25, 1990                          799 P.2d 1104

*Morgan D. Harris,* Public Defender, and *Gary H. Lieberman,* Deputy Public Defender, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland,* Deputy District Attorney, and *William P. Henry,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

During the morning hours of October 11, 1987, Sammy Lee Young was stabbed to death on the streets of downtown Las Vegas. At approximately 7:30 p.m. on October 11, 1987, appellant Robert James Harris approached LaPryce Spencer at a downtown Las Vegas bus stop, sat down, informed Spencer that he had stabbed a man earlier in the day, and displayed a blood-stained folding pocket knife. Spencer excused herself and located alternate transportation. Approximately one hour later, Harris approached Eddie Griffin at a downtown Las Vegas gas station. As with his previous confidante, Harris informed Griffin that he had stabbed someone earlier that day and again displayed the blood-stained knife. Like Spencer, Griffin removed himself from Harris' company.

Later that evening, Griffin heard a news report about a downtown stabbing. Suspecting he may have encountered the assailant, Griffin drove back to the area where he had met Harris and hailed a passing police car. In the company of two police officers, Griffin spotted Harris approximately two blocks from where Young had been stabbed. The officers arrested Harris and confiscated a blood-stained knife. Harris denied any knowledge of or involvement in the killing.

A court appointed psychiatrist, Dr. Jack Jurasky, examined Harris on November 9, 1987. Jurasky concluded that Harris was suffering from severe and incapacitating mental illness and was incapable of assisting his attorney. A second psychiatrist, Dr. Franklin Master, examined Harris on December 6, 1987. Due to Harris' uncooperativeness, Master declined to offer a diagnosis. Harris was thereafter committed to Lake's Crossing Center for the Mentally Disordered Offender.

In April of 1988, a sanity commission comprised of three psychiatrists, Doctors Philip Rich, Jerry Howle, and Lynn Gerow, was appointed to reevaluate Harris. The three doctors unanimously concluded that Harris was capable of assisting his attorney and able to understand the charges against him. Accordingly, the district court ruled that Harris was competent to stand trial, and criminal proceedings were commenced.

The State charged Harris with murder with use of a deadly weapon and filed a notice of intent to seek the death penalty. Harris pled not guilty and not guilty by reason of insanity. At trial, Harris testified that Young had tried to attack and rob him, and that he defended himself by stabbing Young. Dr. Jurasky testified that Harris was unable to distinguish right from wrong

and incapable of premeditation. Dr. Master offered a contrary opinion. The jury found Harris guilty of first degree murder with use of a deadly weapon. Following a penalty hearing, the same jury returned a sentence of life imprisonment without possibility of parole. The sentence was enhanced due to Harris' use of a deadly weapon and consecutive life terms without possibility of parole were imposed. This appeal ensued.

## The Guilt Phase

Harris contends that the district court erred in refusing to deliver jury instructions offered by the defense which related to self-defense and justification. This contention has merit.

We have previously held that "[a] defendant in a criminal case is entitled, upon request, to a jury instruction on his theory of the case so long as there is some evidence, no matter how weak or incredible, to support it." Roberts v. State, 102 Nev. 170, 172-73, 717 P.2d 1115, 1116 (1986) (quoting Williams v. State, 99 Nev. 530, 531, 665 P.2d 260, 261 (1983)). Sufficient evidence to support appellant's self-defense theory was adduced in this case—Harris testified that Young attacked and attempted to rob him. Thus, the district court erred in refusing to deliver the requested instructions.

Next, Harris contends that the district court erred in refusing to instruct the jury regarding the consequences of a verdict of not guilty by reason of insanity. Again, we agree.

Where, as in the instant case, the evidence against a finding of insanity is not overwhelming, and the jury is not otherwise apprised of the consequences of a verdict of not guilty by reason of insanity, it is reversible error not to instruct the jury as to such consequences. *See* Bean v. State, 81 Nev. 25, 33-34, 398 P.2d 251, 256-57 (1965).

Third, Harris contends that the district court erred in refusing to instruct the jury that evidence of Harris' prior felony convictions could only be considered on the issue of Harris' credibility as a witness and not as substantive proof of his guilt. The requested instruction reflects the law of this state as set forth in NRS 50.095. The district court erred in refusing to deliver the requested instruction.

## The Penalty Phase

In both the penalty and guilt phases of the instant case, the

State presented evidence that in 1979 Harris had been convicted by a California jury on a felony charge of escape from a state prison. In response, Harris sought permission to introduce documentary evidence which established that the escape was accomplished without force or violence. Harris contends that the district court erred in denying his request. We agree.

In a capital case, "possession of the fullest information possible regarding the defendant's life and characteristics is essential to the selection of an appropriate sentence." Wilson v. State, 105 Nev. 110, 115, 771 P.2d 583, 586 (1989) (citing Lockett v. Ohio, 438 U.S. 586, 603 (1978)). The sentencing body may not be precluded from considering any relevant mitigating evidence. *Wilson,* 105 Nev. at 115, 771 P.2d at 586 (citing Skipper v. South Carolina, 476 U.S. 1, 4 (1986)). The district court's refusal to allow the proffered evidence in the instant case was in error.

For the foregoing reasons, we reverse Harris' conviction and remand this case to the district court for a new trial.