An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD DENELL ROBERSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 58546

FILED

JUN 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _R. Maluo_
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree kidnapping with the use of a deadly weapon, second-degree kidnapping with the use of a deadly weapon, pandering with the use of force, two counts of living from the earnings of a prostitute, coercion with the use of a deadly weapon, two counts of sexual assault with the use of a deadly weapon, and possession of a controlled substance with the intent to sell. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

First, appellant argues that the district court erred by limiting his cross-examination of the codefendant, Shay Conlay. Specifically, appellant contends that the district court erred by preventing him from eliciting testimony that Shay had a strong fear of incarceration and faced a possible term of life imprisonment prior to making a plea deal and agreeing to testify at appellant's trial. The district court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *See Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009); *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). The district court's discretion to limit the scope of cross-examination applies only when "as a

13 - 17489

matter of right sufficient cross-examination has been permitted to satisfy the sixth amendment." *Crew v. State*, 100 Nev. 38, 45, 675 P.2d 986, 990 (1984). Where bias is meant to be shown, the district court's discretion is narrower, and an examiner must be allowed to draw out any fact which might color the witness's testimony. *Bushnell v. State*, 95 Nev. 570, 572, 599 P.2d 1038, 1040 (1979). An accused is given great latitude in cross-examining an accomplice with regard to his or her motives for testifying. *Eckert v. State*, 96 Nev. 96, 101, 605 P.2d 617, 620 (1980); *see also Bushnell*, 95 Nev. at 572, 599 P.2d at 1039.

Appellant elicited testimony that Shay initially faced multiple felony charges and that, after negotiations with the State in which she agreed to testify at appellant's trial, she ultimately pleaded guilty to one felony count of pandering with the opportunity to reduce it to a gross misdemeanor and received probation. Her motive to lie was emphasized in appellant's opening and closing statements, as well as in the jury instructions, which included a list of Shay's initial charges as well as the charge to which she pleaded. Furthermore, Shay testified that she had been jailed as a result of the matter and never wanted to have the experience again.[1] The jury was made fully aware of the legal benefits that Shay received by agreeing to testify at appellant's trial.

The district court sustained respondent's objection to appellant's line of questioning which attempted to elicit the fact that Shay faced a possible term of life imprisonment, arguing that if the information

---

[1]To the extent that appellant argues that he was prevented from demonstrating Shay's motive to lie based on her understanding of incarceration as brutal and humiliating, his claim is belied by the record.

was disclosed, the jury would know appellant's potential sentence. In balancing appellant's right to extract any fact which might color Shay's testimony against the concern for an unbiased jury, including one that does not consider punishment while considering guilt, *see Valdez v. State*, 124 Nev. 1172, 1184, 196 P.3d 465, 473-74 (2008) (explaining that jurors should not consider the punishment during the guilt phase of trial), the district court allowed appellant to ask Shay if she faced "substantial time" prior to striking a deal with the State. We conclude the district court did not abuse its discretion in limiting appellant's cross-examination of Shay. *See Leonard v. State*, 117 Nev. 53, 72, 17 P.3d 397, 409 (2001) (finding that "trial judges 'retain wide latitude' to restrict cross-examination to explore potential bias 'based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant'" (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986))).

Second, appellant argues that there was insufficient evidence to sustain his convictions for sexual assault with the use of a deadly weapon and kidnapping with the use of a deadly weapon. In reviewing a claim of insufficient evidence, we consider whether the evidence, when viewed in the light most favorable to the prosecution, was sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). It is for the jury to determine the weight and credibility to give conflicting testimony, and a reviewing court will not disturb a verdict if it is supported by substantial evidence. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Appellant claims that because the victim relayed various stories to different individuals regarding the sexual assault incident, the resulting conviction cannot stand. The jury heard testimony from the victim as to the events before, during, and after the alleged sexual assault. The victim's uncorroborated testimony alone, if believed by the jury beyond a reasonable doubt, is sufficient to uphold a conviction. *See Hutchins v. State*, 110 Nev. 103, 109, 867 P.2d 1136, 1140 (1994) *modified on other grounds by Mendoza v. State*, 122 Nev. 267, 275-76, 130 P.3d 176, 181 (2006). Nonetheless, the jury also heard corroborating evidence. Shay's testimony as to the events before and after the time when appellant and the victim were alone supported the victim's testimony. A video showing appellant's beating of the victim also supported various aspects of her testimony.[2] Furthermore, items retrieved from the residence served to reinforce the testimony. We conclude that there was sufficient evidence to sustain the conviction of sexual assault with the use of a deadly weapon. *See* NRS 193.165(1); NRS 200.366.

Appellant further contends that he improperly sustained a conviction for first-degree kidnapping with the use of a deadly weapon, arguing that the victim's movement from one bedroom to another as she was being beaten was incidental and did not substantially exceed the movement required to complete the associated crime charged or

---

[2]Insomuch as appellant claims that his convictions were the result of an emotional response to videotaped evidence and that the district court erred in allowing the video to be played, we discern no abuse of discretion by the district court in admitting the evidence.

significantly increase the risk of harm to her.[3] On the day of the sexual assault, appellant grabbed the victim by the hair and forcibly dragged her from her bedroom to the master bedroom where she was beaten with objects located in the room and brought into the room by Shay on appellant's orders. Appellant held an aluminum bat to her throat as he continued to beat her and eventually moved her to the bathroom where he sexually assaulted her. The evidence was sufficient for a rational juror to find beyond a reasonable doubt that appellant could have committed the sexual assault without moving the victim and that the forcible movement and restraint created a greater risk of harm to her than was necessary to accomplish the crime of sexual assault. Therefore, we conclude that there was sufficient evidence to sustain appellant's conviction of first-degree kidnapping with the use of a deadly weapon.[4] *See* NRS 193.165(1); NRS 200.310(1); *Mendoza*, 122 Nev. at 274-75, 130 P.3d at 180-181 (explaining that dual convictions for kidnapping and the underlying offense are

---

[3]Appellant argues that his kidnapping for the purpose of committing a sexual assault cannot stand because there is insufficient evidence to support the sexual assault charge. As we have resolved the insufficiency claim against appellant, we conclude that this argument is without merit.

[4]To the extent that appellant argues that the victim came to Las Vegas voluntarily and had daily access to others through her laptop, cellphone, and sporadic public outings, we consider this a sufficiency challenge to his conviction of second-degree kidnapping with the use of a deadly weapon. The victim testified that she could not leave because appellant warned that he would kill her if she tried, a threat corroborated by Shay, and that when the victim said she wanted to leave, she was beaten by appellant with a bat and chain belt. We conclude that there was sufficient evidence to sustain this conviction. *See* NRS 193.165(1); NRS 200.310(2).

appropriate where "movement or restraint serves to substantially increase the risk of harm to the victim" or "substantially exceeds that required to complete the associated crime charged").

Third, appellant claims that the district court erred by denying his battery/domestic violence instruction thereby limiting the presentation of his theory of the case. The district court enjoys broad discretion in settling jury instructions, and we review its decision for an abuse of discretion or judicial error. *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). While a defendant is entitled to a jury instruction on his theory of the case if some evidence supports it, *Harris v. State*, 106 Nev. 667, 670, 799 P.2d 1104, 1105-06 (1990), a defendant is not entitled to instructions that are "misleading, inaccurate or duplicitous," *Carter v. State*, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005), and a request for a lesser-included offense instruction is conditioned on that offense being necessarily included in the charged offense, *see Rosas v. State*, 122 Nev. 1258, 1264, 147 P.3d 1101, 1106 (2006). An instruction on the crime of battery/domestic violence would be misleading and inaccurate because appellant was not charged with battery/domestic violence and the instruction would incorrectly suggest that the jury could find him guilty of the uncharged crime. Furthermore, battery/domestic violence is not a lesser-included offense of any of appellant's charges. *See* NRS 33.018(1); NRS 193.165; NRS 199.480; NRS 200.310; NRS 200.366; NRS 201.300; NRS 201.320; NRS 207.190; NRS 453.337; *Smith v. State*, 120 Nev. 944, 946, 102 P.3d 569, 571 (2004) (defining lesser-included offense).

Accordingly, we conclude that the district court did not abuse its discretion by refusing to give the proffered instruction.[5]

Having considered appellant's claims and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Michael Villani, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[5]We note that, despite appellant's claim that denial of the instruction curtailed the presentation of his theory of the case, he thoroughly argued the incident as battery/domestic violence in his opening and closing statements.