An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID THOMAS WARREN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60126

FILED

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction entered pursuant to a jury verdict of felony driving while under the influence of intoxicating liquor. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

*Sufficiency of the evidence*

Appellant David Thomas Warren[1] contends that insufficient evidence supports his conviction because the arresting officer's testimony contained multiple inconsistencies and manifested a bias against him. We review the evidence in the light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008). Here, the State presented evidence that a police officer observed Warren driving a Chevrolet

---

[1]Warren represented himself at trial. His theory of the case was that the prosecution was an unconstitutional exercise of authority and infringed upon his rights to be free from government intrusion, to travel, and to own property.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21553

Suburban on a public road, determined that the license plates had expired and belonged on a different vehicle, and initiated a traffic stop. The officer investigated Warren for driving under the influence after observing his appearance and behavior and detecting the odor of an alcoholic beverage. Warren refused to perform the standard field sobriety tests and was transported to the Clark County Detention Center. A blood draw performed within two hours of the traffic stop revealed that Warren had a blood alcohol concentration of .174. We conclude that a rational trier of fact could reasonably infer from this evidence that Warren was driving the Suburban while under the influence of alcohol. *See* NRS 484C.110(1)(c). It is for the trier of fact to determine the weight and credibility to give conflicting testimony, and its verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

*Evidentiary decisions*

Warren contends that the district court made four evidentiary errors. "We review a district court's decision to admit or exclude evidence for abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008).

First, Warren claims that the district court erred by allowing the arresting officer to speculate about what might happen during a traffic stop of a vehicle displaying the wrong license plates. Warren argues that "speculation about what might have happened amounts to inflammatory and prejudicial commentary not based on the evidence." Warren did not object to this testimony and we conclude he has not demonstrated plain error. *See id.* (discussing plain-error review).

Second, Warren claims that the district erred by admitting testimony describing the standard field sobriety tests because these tests were not administered. We fail to see how descriptions of these tests were relevant and conclude that the district court abused its discretion by admitting them into evidence. *See* NRS 48.015 (evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence"). Nonetheless, we conclude that the error was harmless. *See Valdez v. State*, 124 Nev. 1172, 1188-89, 196 P.3d 465, 476 (2008) (discussing harmless-error review).

Third, Warren claims that the district court erred by admitting evidence regarding the second blood draw because it was made more than two hours after he had driven the vehicle. The district court determined that the result of the second blood draw was not relevant to the State's per se theory of liability, but may be relevant to the State's other theories of liability. *See* NRS 484C.110(1) (providing three alternative ways the offense of driving under the influence of intoxicating liquor may be committed). We conclude that Warren has not demonstrated that the district court abused its discretion in this regard.

Fourth, Warren claims that the district court erred by rejecting an exhibit that set forth the federal definition of "motor vehicle" because it supported his theory of the case. *See* 18 U.S.C. § 31(a)(6). Warren was not charged with violating a federal law, and we conclude that the district court did not abuse its discretion in determining that this exhibit was irrelevant.

*Proposed jury instructions*

Warren contends that the district court erred by rejecting proposed instructions on his theory of the case. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). "A defendant in a criminal case is entitled, upon request, to a jury instruction on his theory of the case so long as there is some evidence, no matter how weak or incredible, to support it." *Harris v. State*, 106 Nev. 667, 670, 799 P.2d 1104, 1105-06 (1990) (internal quotation marks and alteration omitted). However, a defendant is not entitled to instructions that are "misleading, inaccurate or duplicitous." *Carter v. State*, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005). Here, Warren's proposed jury instructions included excerpts from the Declaration of Independence, the U.S. Constitution, the Articles of Confederation, the constitutions of various states, the federal code, Nevada's DUI penalty statutes, and the case law of various jurisdictions. The State objected to Warren's proposed instructions because they were factoids and not really instructions, the subject of penalty and punishment was not appropriate for jury consideration, and the case law excerpts seemed to ask for jury nullification and for the jurors to take the law into their own hands. The district court determined that the instructions were not relevant and sustained the State's objections. We have reviewed the proposed instructions and conclude that the district court did not abuse its discretion in this regard.

*Cross-examination*

Warren contends that the district court abused its discretion by limiting his cross-examination of the arresting officer. The district court has wide latitude to restrict cross-examination "based on concerns [of] harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Bridges v. State*, 116 Nev. 752, 761, 6 P.3d 1000, 1007 (2000) (quotation marks omitted). Here, the district court sustained the State's relevance objections to questions as to whether the arresting officer knew what branch of government he worked for, remembered his oath of office, had read the U.S. Constitution, and understood the Supremacy Clause of the U.S. Constitution. We conclude that the district court did not abuse its discretion in this regard.

*Brady violation*

Warren contends that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose a Detention Booking Voucher that showed he was booked under the wrong penal statute. Warren argues that this document was highly relevant to his theory of the case, would have undermined the arresting officer's claim that the error on the Temporary Custody Record was a single mistake, and may have buttressed his theory that the officer was biased against him. "*Brady* and its progeny require a prosecutor to disclose evidence favorable to the defense when that evidence is material either to guilt or to punishment." *Mazzan v. Warden*, 116 Nev. 48, 66, 993 P.2d 25, 36 (2000). Evidence that was not requested or requested generally "is material [only] if there is a reasonable probability that the result would have been different if the evidence had been disclosed." *Id.* The Detention Booking Voucher

appears to be nothing more than a computer-generated duplicate of the Temporary Custody Record that Warren received as part of his discovery. Accordingly, we conclude that Warren has not demonstrated a reasonable probability that the trial outcome would have been different if this evidence had been disclosed.

*Right of allocution*

Warren contends that the district court improperly limited his right of allocution at sentencing. However, Warren failed to preserve this issue for appeal, the record does not support his claim that his allocution was improperly limited, and we conclude that he has not demonstrated plain error. *See* NRS 176.015(2)(b)(1); *Mendoza-Lobos v. State*, 125 Nev. 634, 644, 218 P.3d 501, 507-08 (2009) (applying plain-error review to alleged sentencing error); *see also Homick v. State*, 108 Nev. 127, 133-35, 825 P.2d 600, 604-05 (1992) (limiting right of allocution to facts in mitigation or pleas for leniency).

*Apprendi violation*

Warren contends that the district court violated his due process rights by failing to conduct a jury trial on the felony enhancement for a third DUI offense. However, Warren failed preserve this issue for appeal, the record reveals that the only fact not submitted to the jury was the existence of prior convictions, and we conclude that he has not demonstrated plain error. *See* NRS 484C.400(1)(c); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *Mendoza-Lobos*, 125 Nev. at 644, 218 P.3d at 507-08 (applying plain-error review to alleged sentencing error).

*Cumulative error*

Warren contends that cumulative error deprived him of a fair trial. However, we have found only one error, which was harmless. "One error is not cumulative error." *United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000); *see also Hoxsie v. Kerby*, 108 F.3d 1239, 1245 (10th Cir. 1997) ("Cumulative-error analysis applies where there are two or more actual errors."); *State v. Perry*, 245 P.3d 961, 982 (Idaho 2010) ("[A] necessary predicate to the application of the doctrine [of cumulative error] is a finding of more than one error.").

Having concluded that Warren is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                              Cherry

cc:    Hon. Valorie J. Vega, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk
       David Thomas Warren

---

[2]We direct the clerk of this court to file Warren's proper person motion received August 31, 2012. We decline to reconsider our order denying Warren's motion to represent himself on appeal. *See Martinez v. Court of Appeal of Cal.*, 528 U.S. 152 (2000); *Blandino v. State*, 112 Nev. 352, 914 P.2d 624 (1996). The motion therefore is denied.