An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DUSTIN WILLIAM ELLIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67024



FILED

DEC 1 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of aggravated stalking. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

Appellant Dustin William Ellis argues that the district court erred in preventing him from showing prospective jurors a photograph of his penis. He contends that this was an unreasonable restriction on his right to examine the prospective jurors during voir dire. We disagree. "Decisions concerning the scope of voir dire and the manner in which it is conducted are reviewable only for abuse of discretion." *Hogan v. State*, 103 Nev. 21, 23, 732 P.2d 422, 423 (1987). While the district court refused to allow the defense to display the actual photographs during voir dire, the district court questioned the prospective jurors about whether viewing photographs of an erect penis would make them unable to be fair and impartial, and the defense was allowed to examine the prospective jurors about this subject. Ellis presents no authority for the proposition that the district court was required to allow the defense to show prospective jurors the actual photographs, and we perceive no abuse of discretion. To the extent that Ellis contends that the district court's restriction on his ability

15-38778

to display photographs during voir dire violated his right to a fair trial, he fails to show that the seated jury was not impartial, and thus fails to demonstrate prejudice or a violation of his right to an impartial jury. *See Ross v. Oklahoma*, 487 U.S. 81, 88-89 (1988) (providing that a claim of prejudice must focus on whether a member of the jury was unfair or partial); *Wesley v. State*, 112 Nev. 503, 511, 916 P.2d 793, 799 (1996) (stating that "[i]f the impaneled jury is impartial, the defendant cannot prove prejudice" resulting from district court's limitation of voir dire).

Next, Ellis contends that insufficient evidence was adduced at trial to support his conviction because the evidence did not demonstrate that he engaged in a "course of conduct" causing the victim to feel terrorized, frightened, intimidated, or harassed. Ellis contends that the victim did not feel scared until the incident that occurred on August 20, 2013, at which time she contacted the police. We disagree. Our review of the record on appeal reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by any rational trier of fact. *See Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

At trial, the victim testified that she and Ellis broke up in October 2012 but maintained contact. In March or April 2013, Ellis began sending her numerous threatening and hateful texts, emails, and voicemails. In July and August of 2013, those messages escalated and the victim testified that she became scared at that point because his threats were becoming more specific and irrational. The victim expressed her fear to Ellis, asked him to stop, and blocked his phone number, but Ellis continued to send messages threatening her with death and bodily injury, including pictures of him holding a gun with the caption, "Die." On

August 20, 2013, the victim received numerous sexually explicit texts from strangers who were responding to a Craigslist post, in which Ellis had advertised sex with the victim and listed the victim's picture, name, address, and phone number. At that point, the victim contacted the police and then obtained a temporary protection order against Ellis the next day. When she returned home from meeting with the police, she was confronted by Ellis who pounded on her car windows, cursed at her, and threatened to kill her.

Based on the evidence presented at trial, we conclude that the jury could reasonably find that Ellis engaged in a course of conduct that caused the victim to be reasonably in fear of death or substantial bodily harm. *See* NRS 200.575(1), (2); *see also* NRS 200.575(6)(a) (defining "course of conduct" as "a pattern of conduct which consists of a series of acts over time that evidences a continuity of purpose directed at a specific person"). It is for the jury to determine the weight and credibility to give testimony, and the jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Next, Ellis claims that the district court erred in declining to provide the jury with several instructions proffered by the defense. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). While a defendant is entitled to a jury instruction on his theory of the case if some evidence supports it, *Harris v. State*, 106 Nev. 667, 670, 799 P.2d 1104, 1105-06 (1990), a defendant is not entitled to instructions

that are "misleading, inaccurate or duplicitous," *Carter v. State*, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005).

First, Ellis contends that the district court should have instructed the jury that a single instance of fear by the victim was not sufficient to constitute a "course of conduct," that the victim in this case claimed that she was in fear on August 20, and that the jury had to acquit Ellis unless the State could prove another instance of fear beyond a reasonable doubt. We conclude that the district court did not err in refusing this instruction because the district court correctly instructed the jury on the statutory definition of "course of conduct," the State's burden of proof, and the elements of the offense, and much of the proffered instruction improperly provided argument on the evidence adduced at trial.

Second, Ellis contends that the district court erred in failing to instruct the jury on the definition of a "dating relationship" and that they must acquit Ellis if they determine that he "mistakenly believed, reasonably or unreasonably, that he was in a continuing dating relationship with [the victim], and that the conduct at issue was within the normal range of behavior for that relationship, or was otherwise tolerated or permitted within the context of that relationship." This proffered instruction was not an accurate statement of law, *see* NRS 200.575(1)(6)(g), and thus there was no error by the district court in refusing to provide it to the jury.

Third, Ellis contends that the district court erred by refusing to give his entire proffered instructions on specific intent and the meaning of "true threats." We conclude that there was no error because these instructions were substantially covered by the other instructions.

Accordingly, having considered Ellis's contentions on appeal and concluded that he is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. David A. Hardy, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk