STATE OF NEVADA, APPELLANT, *v.* RAYMOND KENNETH CRAIG, RESPONDENT.

No. 6372

May 3, 1971                                                    484 P.2d 719

*Robert List,* Attorney General, *Margie A. Richards,* Deputy Attorney General, and *Roy A. Woofter,* District Attorney, Clark County, for Appellant.

*Jack J. Pursel,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The appellate issue is whether there was an abuse of discretion when the district court dismissed an indictment against Raymond Kenneth Craig for failure to bring the accused to trial within 60 days after the finding of an indictment.

The relevant facts bearing upon this issue are these:

An indictment was returned February 19, 1970 charging Craig with the illegal sale of narcotics. NRS 453.030 and NRS 453.210(2). He was arrested on the indictment June 18, 1970. At all times between these dates he was amenable to arrest.[1]

NRS 178.556 gives the court discretionary power to dismiss an indictment should the State fail to bring an accused to trial within 60 days after the finding of the indictment. Unless there is a sufficient showing of an abuse of discretion by the court in exercising that power, we will not intrude.

It is the State's contention that Craig could not have been tried within 60 days after the finding of the indictment since he had not been arrested on the indictment until after expiration of the 60-day period. The State also contends every reasonable effort was made to give Craig a speedy trial.

Neither case authority nor the record on appeal upholds the State's contentions. In a proper case,[2] the period between the

---

[1]On January 13, 1970 Craig had been arrested on the same charge pursuant to a complaint filed in the justices' court and was out on bail. It was not until 60 days had expired after the finding of the indictment that the state elected to proceed on the indictment by moving for a dismissal of the complaint.

[2]The court need not grant a motion to dismiss if the delay was caused by the accused, the accused waived his right to a speedy trial, or the delay was excusable under the circumstances.

finding of the indictment and the arrest will be counted in computing whether the statutory limitation has been violated. McCandless v. District Court of Polk County, 61 N.W.2d 674, 677 (Iowa 1953); Wilson v. Superior Court of San Francisco, 271 P.2d 156 (Cal. 1954). It is not necessary that the accused show he was prejudiced by incarceration. The constitutional right to a speedy trial, not only protects an accused's liberty, but also affords protection from public scorn, deprivation of employment as well as other social concerns. McGee v. Sheriff, Clark County, 86 Nev. 421, 470 P.2d 132 (1970). Where McGee was concerned with the constitutional right to a speedy trial, NRS 178.556 is relevant in evaluating whether that right has been violated. In the circumstances disclosed by this record it was permissible for the court to start the 60-day period running from February 19 when the indictment was returned instead of when Craig was arrested.

The fact that Craig was out on bail and the State could have brought him back to Las Vegas at any time destroys the contention that every reasonable effort was made to give Craig a speedy trial.

The order below is affirmed.