WALDMAER RODRIGUEZ, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 8271

December 5, 1975                    542 P.2d 1065

---

*Rodlin Goff,* State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Michael Fondi,* District Attorney, and *Terry Friedman,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

In the early morning of September 22, 1974, the Carson City Sheriff's Department received and broadcast a stolen vehicle report, including a description of the suspect. A radio patrol unit spotted the suspect vehicle and an ensuing high speed chase ended in a local mobile home park. Waldmaer Rodriguez was arrested after he was observed running through the park. The owner of the car identified Rodriguez as the person he had seen take the car without authorization. Charged with grand larceny, Rodriguez's first trial resulted in a deadlocked jury; however, on retrial he was convicted and sentenced to a term of years in the Nevada State Prison.

In this appeal he contends: (1) he was denied his right to a speedy trial; and, (2) he did not have effective assistance of counsel. We reject both contentions.

1. On the date set for commencement of the second trial, appellant moved to dismiss the charge, alleging a violation of his right to a speedy trial under a Nevada Statute and the Federal Constitution. A court may dismiss an information when a defendant has not been brought to trial within 60 days (1) of the filing of an information (NRS 178.556; State v. Craig, 87 Nev. 199, 484 P.2d 719 (1971)); or, (2) after a mistrial (Ex Parte Hansen, 79 Nev. 492, 387 P.2d 659 (1963)). However, failure to set a trial within 60 days is not per se equatable to a denial of a speedy trial. Petschauer v. Sheriff, 89 Nev. 328, 512 P.2d 1325 (1973). Here, the second trial began 66 days after the mistrial. Rodriguez voiced no objection until the day of the trial. Under these circumstances, we deem the six-day delay insubstantial and unprejudicial. Cf. Maiorca v. Sheriff, 87 Nev. 63, 482 P.2d 312 (1971); Anderson v. State, 86 Nev. 829, 477 P.2d 595 (1970). Similarly, we perceive no Sixth Amendment violation because appellant did not timely assert the right, the delay was insubstantial and no prejudice occurred.

2. In support of the contention that he was not competently represented, Rodriguez cites his trial counsel's failure (1) to question what is subjectively described as "suggestive identification"; (2) to object to discharge of the first jury; and, (3) to raise a particular defense at trial. The claimed derelictions are patently frivolous and without merit. It appears that counsel's actions reflected tactical decisions; and, the record shows that counsel did all that could be expected of him. Lundy v. Warden, 89 Nev. 419, 514 P.2d 212 (1973); Founts v. Warden, 89 Nev. 280, 511 P.2d 111 (1973).

Affirmed.