HOWARD ORVILLE WATKINS, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 9010

March 9, 1977 560 P.2d 921

*George R. Lyles,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction for robbery. We affirm.

On the evening of July 24, 1975, Howard Orville Watkins and his codefendant Ernestine Webster visited the apartment of Robert Overstreet, a seventy-nine year old retired chef whom they had met the night before. The three spent the evening drinking and watching television. When one bottle of whiskey was emptied, Overstreet requested Watkins to go out for another and gave him $10 from a roll of bills with a hundred dollar bill on the outside.

According to Overstreet, at approximately 1:30 a.m. Watkins got up to leave and requested a loan of $100 to $150. When Overstreet refused, Watkins attacked him, hitting him with various objects from the apartment and taking his money. A neighbor testified to hearing the sounds of a struggle, Overstreet's cries for help, and a second man's comment that he thought Overstreet was dead and they had better leave.

Watkins claimed that: (1) the fight arose when Overstreet made sexual advances to Ernestine Webster, his companion; (2) Overstreet was the aggressor and Watkins struck him solely in self-defense; (3) he was afraid to retreat because he believed Overstreet had a gun.

1. Watkins's first assignment of error claims the verdict is not supported by substantial evidence. In furtherance of this claim, Watkins offers the conclusion that several purported "inconsistencies" in the statements and testimony by the victim should invalidate the jury's guilty verdict. The "inconsistencies" are insignificant, and are certainly not sufficient to invalidate the verdict. *See* Hampton v. State, 85 Nev. 720, 462 P.2d 760 (1969). Rather, they raise a question of credibility to be determined by the finder of fact. Polito v. State, 71 Nev. 135, 282 P.2d 801 (1955).

The victim's testimony, corroborated by the nature of his injuries and the testimony of other witnesses, amply supports the verdict. In analogous circumstances, we have consistently held that we will not substitute our judgment for that of the finder of fact. *See, for example,* Wheeler v. State, 91 Nev. 119, 531 P.2d 1358 (1975), and cases cited therein.

2.   Watkins next contends that improper remarks made by the prosecuting attorney in the closing argument were so prejudicial as to deny him a fair trial. There were two such remarks. The second was not objected to at the time it was made; therefore, it will not be considered on appeal. Moser v. State, 91 Nev. 809, 544 P.2d 424 (1975). The first, to which an objection was sustained, was inadvertent and the error, if any, was harmless. Harris v. State, 90 Nev. 172, 521 P.2d 367 (1974).

3.   The thrust of Watkins's next claim of error is directed to his trial counsel's failure to make certain objections and to pursue certain lines of investigation. We have previously held that we will not second guess such matters when, as here, they relate to trial strategy and are within the discretion of the attorney, Rodriguez v. State, 91 Nev. 782, 542 P.2d 1065 (1975), "even if better tactics appear in retrospect to have been available." United States v. Stern, 519 F.2d 521, 524 (9th Cir. 1975).

We summarily reject Watkins's final claim relating to his attorney—which is raised for the first time in this appeal—that he had insufficient time to consult with counsel *prior* to the preliminary examination. *See* Smart v. Valencia, 49 Nev. 411, 248 P. 46 (1926).

Affirmed.