BRIAN SCOTT PICKWORTH, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 10404

August 16, 1979                         598 P.2d 626

*Morgan D. Harris,* Public Defender, and *Kirk B. Lenhard,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, *Ira H. Hecht,* Deputy District Attorney, and *James V. Lavell, III,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

On October 24, 1976, a 75-year-old woman was found murdered in her Las Vegas trailer. Her hands were bound and the residence ransacked. She had been killed by numerous blows to the head and a knife wound to the neck.

Appellant was charged with the murder. The jury found him guilty of murder in the first degree; he was sentenced to life in prison without the possibility of parole. On appeal he claims that the conviction must be reversed because (1) his confession should not have been admitted into evidence; (2) there was insufficient evidence to sustain the verdict; and (3) he was denied a fair trial because of statements made by the prosecution. We disagree.

1.  Appellant contends that his taped confession should not

have been admitted into evidence because it was involuntarily given. In support of this contention he asserts that he gave the confession while suffering from drug withdrawal and was induced to confess by the promise of medical aid.

A confession by a defendant suffering from drug withdrawal may be involuntary when the withdrawal results in a confession which is not the product of a rational intellect and a free will. United States v. Harden, 480 F.2d 649 (8th Cir. 1973). In this case appellant's withdrawal symptoms were minor. During the confession he was coherent, able to recall facts in great detail, and showed no signs of discomfort. Under these circumstances we are satisfied that the appellant voluntarily made the incriminating statements. United States v. Harden, *supra. Cf.* Tucker v. State, 92 Nev. 486, 553 P.2d 951 (1976); Stewart v. State, 92 Nev. 168, 547 P.2d 320 (1976). Furthermore, there is no evidence that appellant was in any way induced to confess by the alleged promise of medical aid.[1] State v. Jones, 546 P.2d 43 (Ariz.App. 1976). The district court did not err when it admitted the confession.

2. Appellant argues that the first degree murder conviction must be reversed because there was insufficient evidence to prove he intended to kill or rob the victim. This argument is premised on his contention that he was so intoxicated on drugs at the time of the killing that he was incapable of forming the requisite intent.

This argument contains no merit. The state presented evidence which tended to prove that appellant did not possess hard drugs at the time of the murder. In appellant's confession he admitted that he was not on drugs; that he entered the residence in search of food and money; and that he struck the sleeping victim with a hammer which he had carried into the trailer. Two days before the murder appellant told a friend that he was going to the victim's home to borrow some money and take her car. After the murder and while still in the trailer, the appellant cooked some food and direct-dialed a long-distance phone call to a friend in California. Appellant removed several pieces of valuable jewelry from the residence and left behind the less valuable ones. In light of these facts, there is overwhelming evidence that appellant was capable of forming the

---

[1]The evidence is in dispute as to what promises were made. Appellant testified that the promise was made *before* the taped confession began. Even if we were to accept this testimony as being true, it is clear that the "promise" did not induce the confession because he did not decide to admit the crime until approximately 15 minutes *after* the taped confession had begun.

necessary intent. Dearman v. State, 93 Nev. 364, 566 P.2d 407 (1977).

3. During closing argument, the deputy district attorney told the jury that appellant's drug intoxication defense was a "red herring" interposed only in the hope that the jury would render the compromise verdict of second degree murder. Appellant's objection to this line of argument was sustained. After the jury retired appellant moved for a mistrial. The district court denied the motion.

That remark was highly improper. The prosecution should not disparage legitimate defense tactics. Commonwealth v. Gilman, 368 A.2d 253, 258 (Pa. 1977). Although such a comment may be error, we conclude that a reversal is not mandated here because the evidence against the appellant was substantial and there was little evidence to support the defense's theory. It is clear that appellant was not prejudiced by the comment. People v. Shorter, 375 N.E.2d 513, 521 (Ill.App. 1978); State v. Bettin, 244 N.W.2d 652 (Minn. 1976). *Cf.* Dearman v. State, *supra*.

4. Other contentions raised by the appellant are without merit.

Affirmed.[2]

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.

---

[2]Respondent's attorneys on appeal were not involved in the district court proceedings.