An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LEE WHITE A/K/A LEE ARTHUR WHITE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61880



FILED

SEP 1 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery and conspiracy to commit robbery. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

*Facts*

Benjamin Hernandez met Madalyn Sifford and her pitbull puppy while at an apartment complex helping appellant Lee White move. Hernandez agreed to purchase the puppy for $500, paid one installment of $250, and was to pay the remaining balance a week later. Before Hernandez made the second payment, White called Hernandez and threatened to take the puppy. A few days after the call, White and another individual approached Hernandez at his home and forcibly removed the puppy from Hernandez's embrace. The incident was witnessed by two individuals who called 9-1-1. The next day, Hernandez paid Sifford the remaining balance, obtained documentation of the sale, then contacted White, who demanded money for the return of the puppy. The police picked up White at the location where Hernandez was to pay him, and the puppy was recovered from White's aunt's apartment.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27676

*Insufficient evidence*

White contends that the evidence presented at trial was insufficient to support his convictions. Our review of the record reveals sufficient evidence, when viewed in the light most favorable to the prosecution, to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). The jury could reasonably infer from the evidence presented that White committed robbery and conspiracy to commit robbery. *See* NRS 199.480; NRS 200.380. It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

*Hearsay*

White argues that hearsay testimony was erroneously admitted in two instances and violated the Confrontation Clause of the Sixth Amendment. The first instance occurred when Officer Lee began to testify about what he had confirmed when speaking with Sifford. White objected to the testimony as hearsay, and the district court sustained the objection. The State clarified with the officer that it was only asking if anything was confirmed, as opposed to what was confirmed, to which the officer replied "yes." The State then asked the officer what he did after speaking with Sifford. The testimony was offered to show how the officer was affected by Sifford's statements and to explain his actions during the course of his investigation, and therefore was admissible as non-hearsay. *See Wallach v. State*, 106 Nev. 470, 473, 796 P.2d 224, 227 (1990) (holding

that "[a] statement merely offered to show that the statement was made and the listener was affected by the statement, and which is not offered to show the truth of the matter asserted, is admissible as non-hearsay"); *see also Crawford v. Washington*, 541 U.S. 36, 60 n.9 (2004) ("The [Confrontation] Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.").

The second instance involved the testimony of Detective Spiotto. The State asked Detective Spiotto if he, in speaking with Sifford, was able to confirm ownership of the puppy, to which he responded "yes." The State then asked if Sifford had confirmed Hernandez's story in her voluntary statement, to which Detective Spiotto answered in the affirmative. Sifford was not called as a witness at trial. Although White failed to object at trial, we review for constitutional or plain error. *Grey v. State*, 124 Nev. 110, 120, 178 P.3d 154, 161 (2008). "[A]n error that is plain from a review of the record does not require reversal unless the defendant demonstrates that the error affected his or her substantial rights, by causing actual prejudice or a miscarriage of justice." *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (internal quotation marks omitted). Even though the testimony impermissibly introduced Sifford's statements through Detective Spiotto, White has failed to demonstrate how his substantial rights were affected. The State presented ample evidence that White, along with another individual, removed the puppy from Hernandez's person and against his will. *See State v. Ah Loi*, 5 Nev. 99, 101-02 (1869) (holding that the victim of a robbery is not limited to the real owner of the property taken but also to individuals who have a general or special right in, or a right to the possession of, the property taken). Additionally, the State introduced

documentation that Sifford sold the puppy to Hernandez. We conclude that this error does not warrant reversal.[1]

*Cross-Examination*

White claims that the prosecutor committed misconduct by forcing him to comment on the credibility of other witnesses during cross-examination. Prosecutors are prohibited from "asking a defendant whether other witnesses have lied or from goading a defendant to accuse other witnesses of lying, except where the defendant during direct examination has directly challenged the truthfulness of those witnesses." *Daniel v. State*, 119 Nev. 498, 519, 78 P.3d 890, 904 (2003). The rule does not prohibit the prosecutor from asking a defendant whether the testimony of other witnesses is inconsistent with that of the defendant's. *Id.* We conclude that the prosecutor did not violate the rule announced in *Daniel* when he questioned White about his version of events and clarified the discrepancies between his version and the testimony of other witnesses. However, when the prosecutor violated the rule and asked White whether two prior witnesses lied, counsel objected and the district court properly sustained the objection. Accordingly, we discern no error.

White further argues that the prosecutor's questions created a false dichotomy that belief in White's version of events required a rejection of the other witnesses' versions. Additionally, White claims that the prosecutor, through his questions, injected his personal belief in the

---

[1]To the extent that White argues that the detective's testimony impermissibly vouched for Hernandez's story, we discern no plain error. *See Anderson v. State*, 121 Nev. 511, 516, 118 P.3d 184, 187 (2005) (reviewing instances of vouching for plain error where defendant fails to object at trial).

veracity of Hernandez's story and the falsity of White's. We discern no misconduct by the prosecutor in attempting to clarify the inconsistencies between the different versions and accordingly conclude that there was no plain error.

*Closing argument*

White alleges that the prosecutor committed misconduct by impermissibly shifting the burden of proof to the defense when, in rebuttal summation, the prosecutor argued that White had failed to present corroborative evidence for his version of events. As no objection was made at trial, we review for plain error. *Valdez*, 124 Nev. at 1190, 196 P.3d at 477. "[I]t is generally improper for a prosecutor to comment on the defense's failure to produce evidence or call witnesses as such comment impermissibly shifts the burden of proof to the defense." *Whitney v. State*, 112 Nev. 499, 502, 915 P.2d 881, 883 (1996). However, if the prosecutor does not comment on the defendant's decision not to testify, it is permissible for the prosecutor to comment on the fact that the defendant failed to substantiate his theory of the case with supporting evidence. *Evans v. State*, 117 Nev. 609, 631, 28 P.3d 498, 513 (2001); *see also Leonard v. State*, 117 Nev. 53, 81, 17 P.3d 397, 415 (2001). We conclude that the prosecutor's statements remarked on the state of the evidence as presented to the jury and attempted to demonstrate that White did not substantiate his version of events, and therefore did not constitute misconduct.

White also claims that the prosecutor committed misconduct when he used a pizza analogy[2] and when he referred to part of White's testimony as a red herring, thereby disparaging White's defense. We review for plain error as White did not object at trial. *Valdez*, 124 Nev. at 1190, 196 P.3d at 477. We have repeatedly warned prosecutors not to "disparage legitimate defense tactics." *See, e.g., Pickworth v. State*, 95 Nev. 547, 550, 598 P.2d 626, 627 (1979) (holding that the State's characterization of the defendant's theory of the case as a red herring constituted misconduct); *Barron v. State*, 105 Nev. 767, 780, 783 P.2d 444, 452 (1989). "Disparaging comments have absolutely no place in a courtroom, and clearly constitute misconduct." *McGuire v. State*, 100 Nev. 153, 157, 677 P.2d 1060, 1064 (1984). While the use of the pizza analogy may not have been improper because the prosecutor, throughout the analogy, stated the evidence that would allow the jury to infer that White's version of events was incredible, *see Ross v. State*, 106 Nev. 924, 927, 803 P.2d 1104, 1106 (1990), referring to White's testimony as a red herring was plain error. However, considering the strength of the evidence against him, we conclude that the error did not cause actual prejudice or a miscarriage of justice and relief is not warranted.

*Jury instructions*

White argues that the district court erred by refusing to give an instruction on disorderly conduct. The district court enjoys broad

---

[2]The prosecutor compared the state of the evidence to a pizza, arguing that the jury should not "eat around" or "pick off" certain toppings and likening the toppings to inconsistencies between White's version of events and the testimony of other witnesses.

discretion in settling jury instructions, and we review its decision for an abuse of that discretion or judicial error. *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). While a defendant is entitled to a jury instruction on his theory of the case if some evidence supports it, *Harris v. State*, 106 Nev. 667, 670, 799 P.2d 1104, 1105-06 (1990), we have held that a defendant is not entitled to an instruction on lesser-related offenses, *Peck v. State*, 116 Nev. 840, 845, 7 P.3d 470, 473 (2000), *overruled on other grounds by Rosas v. State*, 122 Nev. 1258, 147 P.3d 1101 (2006), nor is a defendant entitled to instructions that are "misleading, inaccurate or duplicitous," *Carter v. State*, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005). An instruction on the crime of disorderly conduct, a lesser-related offense as argued by White, would be misleading and inaccurate because it would incorrectly suggest that the jury could find him guilty of a crime that was neither charged nor tried by the State. Accordingly, we conclude that the district court did not err by refusing to give the proffered instruction.[3]

White also claims that the district court erred by refusing to proffer his "two reasonable interpretations" jury instruction. We review for an abuse of discretion or judicial error. *Crawford*, 121 Nev. at 748, 121 P.3d at 585. When a jury has been properly instructed on reasonable doubt, it is not error to refuse to give an additional instruction on the issue. *Hall v. State*, 89 Nev. 366, 371, 513 P.2d 1244, 1247-48 (1973); *Holland v. United States*, 348 U.S. 121, 139-40 (1954). We conclude that the jury was properly instructed on reasonable doubt and that the district court did not err by refusing to give the proposed instruction.

---

[3]We are not convinced by White's argument that we should break from our holding in *Peck*.

*Cumulative error*

White argues that cumulative error precluded a fair trial in violation of his Fifth Amendment rights and warrants reversal of his convictions. Having balanced the relevant factors, *see Valdez*, 124 Nev. at 1195, 196 P.3d at 481 (setting forth the relevant factors to consider when deciding whether cumulative error warrants reversal), we conclude that the cumulative effect of the errors did not deprive White of a fair trial and does not warrant reversal.

Having considered White's claims and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Michelle Leavitt, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk