An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JULIUS JACOB LUDWIG,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62333

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury trial, of eight counts of possession of stolen property, two counts of burglary, and one count of felon in possession of a firearm. Second Judicial District Court, Washoe County; Janet J. Berry, Judge. Appellant raises four claims of error.

First, appellant argues that because he was unnecessarily detained after a traffic stop, evidence recovered from a search of his vehicle and a storage unit should have been suppressed. Specifically, he contends that he was detained solely because the license plate did not belong to his vehicle and that "there was no reason to detain him any longer once the purpose of the traffic stop (the improper license plate) had concluded." Because he did not challenge the traffic stop or search below, we review this claim for plain error affecting his substantial rights. *See* NRS 178.602; *Somee v. State*, 124 Nev. 434, 443, 187 P.3d 152, 159 (2008) ("Although failure to object at trial generally precludes appellate review, this court has the discretion to review constitutional or plain error."); *Calvin v. State*, 122 Nev. 1178, 1184, 147 P.3d 1097, 1101 (2006) ("In conducting a plain-error analysis, we must consider whether error exists,

if the error was plain or clear, and if the error affected the defendant's substantial rights."). Appellant's contention ignores evidence in the record that a police officer initiated the traffic stop not only because of the improper license plates but also because appellant's vehicle fit the description of a suspect vehicle from a residential burglary. Nothing in the record plainly shows that the traffic stop or ensuing detention was improper such that any evidence subsequently recovered should have been suppressed. Therefore, we conclude that appellant's claim lacks merit.[1]

Second, appellant contends that the charges should have been severed into three groups—each burglary count and the possession-of-stolen-property counts—and tried separately. Because he did not object to the joinder of all the offenses, we review this claim for plain error. *See Somee v. State*, 124 Nev. at 443, 187 P.3d at 159. The evidence reveals that appellant committed the two charged burglaries under the ruse of showing interest in purchasing the victims' homes that were for sale. The possession-of-stolen-property counts stem from his possession of belongings that were stolen from multiple burglary victims. With no other evidence or circumstances suggesting that joinder was improper, we cannot say that any error is plain because it is not "so unmistakable that it reveals itself by a casual inspection of the record." *Patterson v. State*,

---

[1]Appellant also claims that trial counsel was ineffective for not filing a motion to suppress evidence recovered from his vehicle and the storage unit. He acknowledges that this court generally declines to consider claims of ineffective assistance of counsel on direct appeal but argues that the record is sufficiently developed to resolve his claim. *See Pellegrini v. State*, 117 Nev. 860, 882-83, 34 P.3d 519, 534 (2001). We disagree, as it is not evident from the record that counsel was deficient for not filing a motion to suppress. Therefore, we decline to consider this claim.

111 Nev. 1525, 1530, 907 P.2d 984, 987 (1995) (internal quotation omitted); *see Wilkins v. State*, 96 Nev. 367, 372, 609 P.2d 309, 312 (1980) (observing that while this court may consider constitutional issues raised for the first time on appeal, "it will not do so unless the record is developed sufficiently both to demonstrate that fundamental rights are, in fact, implicated and to provide an adequate basis for review"). We therefore conclude that appellant's claim lacks merit.

Third, appellant argues that a conflict of interest arose with trial counsel and therefore the district court should have appointed new counsel. He specifically complains that trial counsel refused to file a motion to suppress evidence and failed to communicate with him and that he had not been provided with certain discovery matters. "Absent a showing of adequate cause, a defendant is not entitled to reject his court-appointed counsel and request substitution of other counsel at public expense." *Young v. State*, 120 Nev. 963, 968, 102 P.3d 572, 576 (2004). We have adopted a three-factor analysis in reviewing a district court's denial of a motion substitution of counsel: "'(1) the extent of the conflict; (2) the adequacy of the inquiry; and (3) the timeliness of the motion.'" *Id.* (quoting *United States v. Moore*, 159 F.3d 1154, 1158-59 (9th Cir. 1998)).

Considering the record as a whole, the crux of appellant's conflict with counsel appears to center on his disagreement with counsel about challenging the traffic stop and subsequent recovery of evidence from his vehicle and the storage unit, as well as other strategic decisions made by counsel. And it appears that, before trial, he was provided with or was aware of the discovery matters he argued were not previously provided to him. Further, appellant first raised his conflict-of-interest claim approximately six weeks before trial. The district court considered

appellant's grounds and concluded that he had not established a conflict of interest that warranted appointment of new counsel but rather had merely expressed a disagreement with counsel over strategic decisions. *See Gallego v. State*, 117 Nev. 348, 363, 23 P.3d 227, 237 (2001) ("'Attorney-client conflicts justify the grant of a substitution motion only when counsel and defendant are so at odds as to prevent presentation of an adequate defense.'" (quoting *State v. Stenson*, 940 P.2d 1239, 1272 (Wash. 1997)), *abrogated on other grounds by Nunnery v. State*, 127 Nev. ___, 263 P.3d 235 (2011)); *see generally Watkins v. State*, 93 Nev. 100, 102, 560 P.2d 921, 922 (1977) (observing that counsel's failure to make certain objections and pursue certain lines of investigation related to trial strategy and therefore were within the attorney's discretion). Based on this record, we conclude that the district court did not abuse its discretion by refusing to appoint appellant new counsel. *See Gallego*, 117 Nev. at 362, 23 P.3d at 237 (reviewing a district court's denial of a motion to substitute counsel for abuse of discretion).

Fourth, appellant complains that he should not have been adjudicated a habitual criminal because all of his prior convictions involved non-violent offenses. He acknowledges this court's decision in *Arajakis v. State* that the habitual criminal statute "makes no special allowance for non-violent crimes" but requests that we overrule that decision. 108 Nev. 976, 983, 843 P.2d 800, 805 (1992). Between 1994 and 2010, appellant incurred nine felony convictions for drug related offenses, burglary, and possession of stolen property. The current offenses involve multiple victims and a significant amount of property. The record also shows that the district court's decision was reasoned and thoughtful. Accordingly, appellant has not demonstrated that the district court abused

its discretion in sentencing him as a habitual criminal, and we are not persuaded by his entreaty to alter our holding that non-violent offenses may be considered in seeking habitual criminal adjudication. *See* NRS 207.010(2); *O'Neill v. State*, 123 Nev. 9, 12, 153 P.3d 38, 40 (2007) (acknowledging the district court's broad discretion to dismiss a habitual criminal allegation).

Having considered appellant's arguments and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Janet J. Berry, District Judge
       David Kalo Neidert
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk