IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THOMAS RICHARD GOEPNER,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 75363 |

FILED

JUL 2 4 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

Thomas Goepner appeals from a judgment of conviction, pursuant to a jury verdict, of five counts of sexual assault of a minor under the age of 14, three counts of sexual assault of a minor under the age of 16, four counts of sexual assault, and one count of open or gross lewdness. Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge. Goepner bases his appeal on three main grounds: (1) that NRS 48.045(3), which permits admission of evidence of prior sexual offenses for propensity purposes, is unconstitutional; (2) that the district court abused its discretion by allowing the State to introduce the unfairly prejudicial testimony of three witnesses on prior sexual offenses; and (3) that the district court abused its discretion by invoking NRS 50.090, Nevada's rape shield law, to preclude Goepner from cross-examining a prior-bad-acts witness on certain issues. We affirm.

*NRS 48.045(3) is constitutional*

NRS 48.045(1) provides that "[e]vidence of a person's character or a trait of his or her character is [generally] not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion." NRS 48.045(3) states an exception to the general rule: "Nothing

in this section shall be construed to prohibit the admission of evidence in a criminal prosecution for a sexual offense that a person committed another crime, wrong or act that constitutes a separate sexual offense." Goepner argues that NRS 48.045(3) infringes upon his fundamental right to a fair trial and thereby violates the Due Process and Equal Protection Clauses of the United States and Nevada Constitutions. This is a constitutional issue to which de novo review applies. *Zahavi v. State*, 131 Nev. 51, 61, 343 P.3d 595, 602 (2015).

Use of "[propensity] evidence will . . . *sometimes* violate the constitutional right to a fair trial, if it is of no relevance, or if its potential for prejudice far outweighs what little relevance it might have." *United States v. LeMay*, 260 F.3d 1018, 1027 (9th Cir. 2001). Accordingly, in *Franks v. State*, this court construed NRS 48.045(3) as requiring a district court to "evaluate whether [propensity] evidence [of a sexual offense] is unfairly prejudicial under the *LeMay* factors prior to admitting such evidence." 135 Nev., Adv. Op. 1, 432 P.3d 752, 757 (2019). The question of NRS 48.045(3)'s constitutionality therefore "can be reduced to a very narrow question: whether admission of . . . evidence that is both relevant . . . and not overly prejudicial . . . may still be said to violate the defendant's due process right to a fundamentally fair trial." *LeMay*, 260 F.3d at 1027 (internal quotations omitted). And "to ask that question is to answer it" (in the negative). *Id.* (internal quotations omitted).

Because NRS 48.045(3) does not target a suspect class or, as construed in *Franks*, a fundamental right, it is constitutional unless Goepner can show that it "is [not] rationally related to a legitimate governmental interest." *Gaines v. State*, 116 Nev. 359, 371, 998 P.2d 166, 173 (2000). And to this point, "courts have routinely allowed propensity

evidence in sex-offense cases." *LeMay*, 260 F.3d at 1025. One legitimate reason for doing so is that a defendant may readily attack the credibility of child sex-offense victims. *Id.* at 1028. "This case, with two child victims and no other [direct] witnesses, is [therefore] precisely the type of case for which [statutes like NRS 48.045(3)] [were] designed." *Id.* at 1033.

"If any state of facts may reasonably be conceived to justify [the legislation], a statut[e] . . . will not be set aside." *Sereika v. State*, 114 Nev. 142, 149, 955 P.2d 175, 179 (1998) (alterations in original) (internal quotations omitted). We conclude that NRS 48.045(3) is rationally related to the legitimate government interest, among others, of making probative evidence available against criminal defendants in child sex-offense cases. Accordingly, NRS 48.045(3) is constitutional as we have construed it in *Franks*.

*The district court did not err by admitting prior bad act testimony*

Goepner argues that the district court erred by admitting highly prejudicial, weakly probative evidence of Goepner's past sexual offenses for propensity purposes.[1] "We review a district court's decision to admit or exclude evidence for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). A non-constitutional error warrants reversal only if it "had substantial and injurious effect or influence in determining the jury's verdict." *Harris v. State*, 134 Nev., Adv. Op. 107, 432 P.3d 207, 212 (2018) (internal quotations omitted), *cert. denied*, ___ U.S.

---

[1]Because the district court instructed the jury that the evidence could be used for propensity purposes (i.e., the court did not give any limiting instruction), we reject the State's argument that the evidence was also used for non-propensity purposes under NRS 48.045(2).

 

___ (2019); NRS 178.598; *see Kotteakos v. United States*, 328 U.S. 750, 776 (1946).[2]

In *Franks*, this court set forth the procedural safeguards required before propensity evidence can be admitted under NRS 48.045(3). *See* 135 Nev., Adv. Op. 1, 432 P.3d at 755-57. This court decided *Franks* after Goepner's trial, so the district court did not apply its requirements, including the *LeMay* factors, to determine whether the prior acts were prejudicial. Nonetheless, the district court held a hearing under *Petrocelli v. State*, 101 Nev. 46, 51-52, 692 P.2d 503, 507-08 (1985), *superseded in part by statute as stated in Thomas v. State*, 120 Nev. 37, 44-45, 83 P.3d 818, 823 (2004), as is required for prior bad act evidence used for a permissible purpose under NRS 48.045(2). After that hearing, the district court concluded that the State met its burden of proving the prior sexual offenses by clear and convincing evidence.[3] Under *Franks*, the burden of proof is lower: only a preponderance is required. 135 Nev., Adv. Op. 1, 432 P.3d at 756. And although the district court did not cite *LeMay*, it did conclude

---

[2]"We have recognized that the standard set forth in NRS 178.598 [defining "harmless error"] is identical to the standard utilized by federal courts as set forth in *Kotteakos v. United States*." *Mclellan*, 124 Nev. at 269, 182 P.3d at 111.

[3]Goepner argues that the State failed to prove the prior sexual offenses by clear and convincing evidence because the witnesses to those offenses gave inconsistent testimony. However, *Franks* requires only a preponderance of evidence. 135 Nev., Adv. Op. 1, 432 P.3d at 756; *see Salgado v. State*, 114 Nev. 1039, 1043, 968 P.2d 324, 327 (1998) (distinguishing between "an offer of proof" and "the quality of the evidence"); *Watkins v. State*, 93 Nev. 100, 101, 560 P.2d 921, 921 (1977) (inconsistencies in witness's testimony "raise a question of credibility to be determined by the finder of fact," not a question of sufficiency of evidence).

SUPREME COURT
OF
NEVADA

(O) 1947A

4

that, consistent with *Franks* and *LeMay*, the evidence's probative value was not substantially outweighed by the danger of unfair prejudice.

Although the prior sexual offenses occurred years before the acts for which Goepner was charged and convicted, the district court weighed that factor against other factors in determining admissibility. Such a determination is "within its discretionary authority and is to be given great deference." *Diomampo v. State*, 124 Nev. 414, 429-30, 185 P.3d 1031, 1041 (2008) (internal quotations omitted). We defer to the district court's conclusion that the probative value of the prior sexual offenses, despite being remote in time, was not substantially outweighed by the danger of unfair prejudice. We further conclude that, even if the district court erred under *Franks* by failing to process the case through the *LeMay* factors specifically, that error was harmless in light of other testimony. *See* NRS 178.598.

*The district court did not otherwise err*

Goepner also argues that the district court erred by precluding Goepner from impeaching, on various grounds, a prior-bad-acts witness. The State objected independently on grounds of hearsay and a violation of Nevada's rape-shield statute, NRS 50.090. Goepner argues that the State cannot invoke NRS 50.090 to protect a bad-acts witness who is not the actual victim in the case. The issue appears to be one of first impression. However, we do not reach it because the record is unclear as to whether Goepner adequately preserved the issue for appeal, and as to whether the district court precluded the line of cross-examination on the basis of hearsay or NRS 50.090 independently. In any case, the alleged error would be harmless because both victims testified, and the relevant witness testified only as to prior acts.

We have considered and reject Goepner's other arguments. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:    Hon. Jerome M. Polaha, District Judge
       Las Vegas Defense Group, LLC
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk