# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARTIN BOZEMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75684

FILED

SEP 27 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of second-degree kidnapping. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant Martin Bozeman was driving in Las Vegas with his then-girlfriend, Heidy Fonseca, when they got into an argument. Fonseca threw Bozeman's phone out the window, and Bozeman then began pulling Fonseca's hair. Fonseca asked Bozeman to let her out of the car. Bozeman drove down a dead-end street of an industrial park, and Fonseca became frightened and attempted to jump out of the vehicle. Bozeman prevented her from doing so. When she eventually jumped from the vehicle, Bozeman turned the vehicle around, got out, and tried to pull her back into the car. A number of bystanders approached and intervened to help Fonseca, and Bozeman sped away. Bozeman was charged with first-degree kidnapping resulting in substantial bodily harm, robbery, and battery with intent to commit a crime. A jury convicted Bozeman of second-degree kidnapping.

19-40272

*Statutory speedy trial right*

Bozeman argues that his statutory right to a speedy trial was violated[1] because his trial was delayed approximately two months beyond the 60-day statutory limit, based on a false premise, and against Bozeman's objection but due to the unavailability of Bozeman's court-appointed counsel. Reviewing the district court's decision whether to dismiss based on a statutory speedy trial violation under NRS 178.556 for an abuse of discretion, *State v. Craig*, 87 Nev. 199, 200, 484 P.2d 719, 719 (1971), we affirm.[2]

---

[1]Bozeman erroneously relies on NRS 174.511, which pertains to the State's right to trial within 60 days after arraignment.

[2]While Bozeman raises a statutory challenge to his speedy trial right, he erroneously relies on *Leonard v. State*, 117 Nev. 53, 83, 17 P.3d 397, 416 (2001), which lays out the test for a federal constitutional challenge to a speedy trial right violation. However, even under *Leonard*, Bozeman's claim fails. *Leonard* endorsed the *Barker* factors: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant." *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). The *Barker* factors are to be considered as a whole, and no single factor is necessary or sufficient. *Moore v. Arizona*, 414 U.S. 25, 26 (1973). The length of the delay was 60 days and at the request of defense counsel who had a scheduling conflict. *See Doggett v. United States*, 505 U.S. 647, 651-52 & n.1 (1992) (explaining that to trigger a constitutional speedy trial analysis, the defendant must allege his delay "has crossed the threshold dividing ordinary from presumptively prejudicial delay," and explaining that courts have generally presumed such prejudice after one year (internal quotations omitted)); *Byford v. State*, 116 Nev. 215, 230, 994 P.2d 700, 710-11 (2000) (characterizing the length of the delay as a threshold issue, and reasoning that a one-year delay, while "not extreme," was "long enough to conceivably cause prejudice"). While Bozeman asserted his speedy trial right, it was explained that the postponement was to his benefit to avoid hiring last-minute replacement counsel or representing

Here, the delay exceeded the 60-day rule by two months. *See* NRS 178.556(1). The delay was caused, over Bozeman's objection, by defense counsel who had another trial that was already scheduled and could not be moved. "Dismissal is mandatory where there is a lack of good cause shown for the delay." *Huebner v. State*, 103 Nev. 29, 31, 731 P.2d 1330, 1332 (1987). And "[t]he [S]tate has the burden of showing good cause." *Id.* Here, defense counsel's scheduling pressures threatened that Bozeman would have to proceed without existing counsel if the trial date was not moved, which the record demonstrates Bozeman was not inclined to do. We conclude these scheduling pressures provided good cause for a relatively meager delay. *See id.* at 31-32, 731 P.2d at 1332. Accordingly, the district court did not abuse its discretion when it declined to dismiss based on a statutory speedy trial right violation.

*Jury instructions*

Bozeman argues that the district court abused its discretion in failing to provide a "layman's" instruction of jury instructions 4 (explaining the elements of first-degree kidnapping) and 7 (explaining the concept of lesser-included offenses and that second-degree kidnapping is a lesser-included offense of first-degree kidnapping) and in refusing to clarify when the jury asked for a jury nullification instruction. As Bozeman assented to

---

himself. Finally, where prejudice contemplates "oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the [accused's] defense will be impaired by dimming memories and loss of exculpatory evidence," Bozeman has not shown that he was prejudiced by a two-month delay. *See Doggett*, 505 U.S. at 654 (alteration in original) (internal quotations omitted). The fact that Fonseca had not been subpoenaed by the first trial date was not sufficient evidence of prejudice where the State was nonetheless ready to proceed with trial testimony from three eyewitnesses to the crime.

the district court's handling of the jury's nullification inquiry, this argument is waived as a tactic of defense counsel. *See Dias v. State*, 95 Nev. 710, 714, 601 P.2d 706, 709 (1979). Even so, his claim lacks merit because the jury is not entitled to a jury nullification instruction. *See Lioce v. Cohen*, 124 Nev. 1, 20-21, 174 P.3d 970, 982-83 (2008) (concluding that arguing for jury nullification was impermissible); *see also United States v. Powell*, 955 F.2d 1206, 1212-13 (9th Cir. 1991).

Because Bozeman did not object to jury instructions 4 and 7 below, we review this argument for plain error. NRS 178.602; *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). Bozeman concedes that the instructions accurately stated the law but argues that instructions 4 and 7 were confusing and the district court should have clarified them when the jury requested such clarification. This court has previously held that where the jury seeks clarifying instructions, neither the State nor defense counsel proffer supplemental instructions aimed at answering the jury questions, and the submitted jury instructions adequately and correctly stated the law, such supplemental instructions were not warranted. *Jeffries v. State*, 133 Nev. 331, 337-38, 397 P.3d 21, 27-28 (2017). Here, the instructions stated the elements of second-degree kidnapping. Bozeman did not object to the instructions at trial and did not propose an alternate instruction. We conclude the district court did not commit plain error when it did not clarify instructions 4 and 7. *See id.* Accordingly, the district court did not commit plain error during the settling of jury instructions.

*Prosecutorial misconduct*

Bozeman also argues the State committed prosecutorial misconduct during its rebuttal closing argument when it mocked Bozeman's defense theory that the State's case was an overcharged domestic violence

incident. Bozeman did not object to the prosecutor's statements, and we review for plain error. NRS 178.602; *Valdez*, 124 Nev. at 1190, 196 P.3d at 477. We review claims of prosecutorial misconduct for "whether the prosecutor's conduct was improper" and, if so, whether the conduct warrants reversal. *Valdez*, 124 Nev. at 1188, 196 P.3d at 476. For error that "is not of constitutional dimension, we will reverse only if the error substantially affects the jury's verdict." *Id.* at 1189, 196 P.3d at 476. A prosecutor may not "disparage legitimate defense tactics." *Williams v. State*, 103 Nev. 106, 110, 734 P.2d 700, 703 (1987). In *Pickworth v. State*, we concluded that a prosecutor's statement in closing "that appellant's drug intoxication defense was a 'red herring' interposed only in the hope that the jury would render the compromise verdict of second degree murder" "was highly improper" but determined reversal was not required because the evidence against the appellant was substantial and there was little evidence to support appellant's defense theory. 95 Nev. 547, 550, 598 P.2d 626, 627 (1979). We conclude the prosecutor's comment—"Poor, poor, poor Mr. Bozeman. This case is overcharged."—did not rise to the level of impropriety necessary to constitute a substantial effect on the jury or plain error because it is not of the disparaging nature detailed in *Pickworth*.

*Substantial evidence*

Bozeman argues that the evidence was insufficient to convict him of second-degree kidnapping. In reviewing the sufficiency of the evidence, this court must decide "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). "[I]t is the jury's

function, not that of the [reviewing] court, to assess the weight of the evidence and determine the credibility of witnesses." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Three eyewitnesses and the victim Heidy Fonseca testified. The testimony demonstrated that Bozeman "seize[d]" and "carrie[d] away" Fonseca when he grabbed her hair inside the car to prevent her from leaving, drove her down a desolate, dead-end street, and grabbed her by the hair and belt loops and dragged her back to the car to pull her back inside. NRS 200.310(2). From that evidence, a rational juror could have found beyond a reasonable doubt that Bozeman seized Fonseca with the intent to detain her against her will. *See id.* Accordingly, we conclude that sufficient evidence was present for a rational trier of fact to find Bozeman guilty of second-degree kidnapping.

*Cumulative error*

Finally, Bozeman argues that cumulative error warrants reversal. To determine whether cumulative error warrants relief, this court must consider three factors: "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged." *Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 854-55 (2000). As Bozeman has identified no errors, we conclude there are no errors to cumulate. *See United States v. Rivera*, 900 F.2d 1462, 1471 (10th Cir. 1990) ("[C]umulative-error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors.").

Accordingly, we

> ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:     Chief Judge, Eighth Judicial District Court
        Mueller & Associates
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk